# French *versus* Mehan.

1. A husband and wife are one person in law and cannot take by moieties in a joint purchase or gift of land.

2. Both are seised of the entirety, and though the husband may have the absolute control for his life and may convey and mortgage the estate during that period, neither can alienate without the other's consent, and the survivor takes the whole.

3. If the wife survives she takes the estate discharged of the husband's debts, because she does not take through him, but by the paramount grant in the original conveyance.

4. Dickerson conveyed an estate by entireties to Mehan and wife, Mehan being at the time indebted to Dickerson; after the conveyance Dickerson obtained judgment for his debt, and the land was sold under it: both he and the purchaser were estopped from alleging that the conveyance was made to the wife in fraud of Mehan's creditors.

November 12th 1867.    Before THOMPSON, STRONG, READ and AGNEW, JJ.    WOODWARD, C. J., absent.

Error to the District Court of *Allegheny county :* No. 62, to October and November Term 1867.

This was an action of ejectment by Susannah Mehan against William French, for 16 acres of land, brought to January Term 1867.

On the trial the plaintiff gave in evidence the following deed; and, it being admitted that William Mehan, her husband, had died in 1863 and that the defendant was in possession, rested.

[French *v.* Mehan.]

" This indenture, made this 12th day of February 1828, between John Dickerson and Mary Dickerson his wife, of the first part, and William Mehan and Susannah Mehan his wife, of the other part, Witnesseth, That the said John Dickerson and Mary his wife doth grant, &c.   *   *   unto William Mehan and Susannah his wife, his heirs and assigns, a certain parcel or portion of land, belonging to the tract of land whereon the said John Dickerson now resides, containing sixteen acres, one rood and ten perches, in and for the consideration of fifty dollars, to be paid in repairs, or work, on the said farm, or unto the said John Dickerson.   Now I, John Dickerson, and Mary Dickerson his wife, do sign over all our right, title, interest, claim, or acknowledgment, to the above instrument of writing, to the above portion of land, together with all and singular those things, the ways, &c., *   *   unto the said William Mehan, and Susannah, his wife, for ever.   *To have and to hold* the said tract of land, hereditaments and premises, hereby granted, &c.,   *   *   unto the said William Mehan, his heirs or assigns, to the only proper use, and benefit, and behoof of the said William and Susannah his wife, their heirs and assigns, for ever.   And the said John Dickerson and Mary his wife, for themselves, &c., do hereby covenant, &c., to and with the said William Mehan, his heirs and assigns, in the manner following, that is to say, respectively the said tract of land, &c., unto the said William Mehan, his heirs or assigns, and against all and every other person and persons whomsoever, lawfully claiming, or to claim, by, from or under him, the said John Dickerson, and Mary his wife, shall and will warrant, and for ever defend, by these presents.   In witness whereof, &c. The meaning of this indenture is that the said William Mehan, nor Susannah his wife, has not the privilege of selling the lot of ground, unless the whole place should be for sale, and then they may let these be sold along, if the said William and wife should think proper ; also, the said ground not to be liable to be levied on by any officer or officers, for any debt that may be contracted, or now due, without the consent of said John Dickerson and wife Mary."

The defendant then gave in evidence a judgment against William Mehan in favor of John Dickerson, the grantor in the deed, for $102.40, recovered July 26th 1832, on a bond dated January 1st 1828, for $80, on which judgment there was an execution and condemnation of the land in question, October 19th 1832 ; also two judgments in favor of C. Thorn against Mehan, one to November Term 1829, and the other to August Term 1830 ; also a judgment against Mehan in favor of W. W. Fetterman for $10, recovered November 1st 1830, and assigned to Dickerson, under which the same land was sold to Isaac P. Dickerson, June 23d

[French *v.* Mehan.]

1833. The defendant, by sundry conveyances, holds the title of Isaac P. Dickerson.

The defendant asked the court to charge the jury :—

" 1. That the deed from John Dickerson to William Mehan and Susannah his wife, passed the title to the land in dispute to the grantees, subject to be´taken in execution by the creditors of the husband, unless it be shown by the plaintiff that the wife's money paid for it; and there being no evidence that her money paid for it, the presumption of law is that the land was paid for by the husband, and the sale by the sheriff, on the judgment and execution against the husband, passed all the interest of the wife to the purchaser ; and the plaintiff cannot recover.

" That the judgment, John Dickerson *v.* William Mehan, for a debt contracted prior to the conveyance to William Mehan and wife, showing a debt then owing to John Dickerson, renders the deed, as to the wife, void as to John Dickerson, and as to the purchaser at sheriff's sale, on his judgment."

The court (Williams, A. J.) denied the points, and charged :—

" Both parties claim title under the deed of John Dickerson and wife to William Mehan and Susannah Mehan his wife, bearing date February 12th 1828. The plaintiff claims title as the survivor of her husband, William Mehan, who, it is admitted, died in the year 1863. The defendant claims title under a sheriff's sale of the land, upon a judgment and execution against William Mehan, in his lifetime, subsequent to the date of the said deed, and under sundry mesne conveyances from the sheriff's vendee, to himself, given in evidence.

" Is the title to the deed in controversy, under the deed of Dickerson and wife, vested in the plaintiff as survivor of her husband, or is it, under the sheriff's sale thereof, as the property of her husband, and the conveyances aforesaid, vested in the defendant ?

" It is well settled that if an estate in land be given to the husband and wife, or a joint purchase be made by them during coverture, they are not properly joint-tenants, nor tenants in common, for they are but one person in law, and cannot take by moieties. They are both seised of the entirety, and though the husband may have the absolute control of the estate during his life, and may convey or mortgage it during that period, neither can alienate any portion thereof without the consent of the other, and the survivor takes the whole : Johnson *v.* Hart, 6 W. & S. 319 ; Robb *v.* Beaver, 8 Id. 111 ; Fairchild *v.* Chastelleux, 1 Barr 176 ; Clark *v.* Thompson, 2 Jones 274 ; Stuckey *v.* Keefe's Ex'rs., 2 Casey 397 ; Martin *v.* Jackson, 3 Id. 504 ; Bates *v.* Seely, 10 Wright 248.

" If the wife survives the husband she takes the estate, dis-

[French v. Mehan.]

charged of his debts, for the reason that she does not take it under or through him, but by virtue of the paramount grant in the original conveyance.

"And though the husband's interest may be sold under execution during coverture (Stoebler v. Knerr, 5 Watts 181), yet, if his creditors levy upon the estate in his lifetime, and sell it as his property, the wife may recover it on his death in an action of ejectment: Brownson v. Hull, 16 Verm. 309.

"But it is contended that the consideration for the land was paid by the husband, and that, being indebted at the time he made the purchase, he had no right to take the conveyance to himself and wife, in fraud of his creditors; and that the creditors having obtained judgments against him for the amount of his indebtedness, were clearly entitled to levy upon and sell the land as his property, and that the sale thereof by the sheriff vested in the purchaser an absolute title to it in fee simple.

"If the husband was indebted at the time he made the purchase, and if he took the title to himself and wife, for the purpose of hindering and defrauding his creditors, the latter would have the right to levy upon and sell the land as the property of the husband. If the conveyance to the wife was made for the purpose of hindering and defrauding the creditors of the husband, it was void as against the creditors so far as it respects the wife's title.

"But it has not been shown that the husband, at the date of the purchase, owed any other debt than the one to John Dickerson, the grantor of the land, for which he subsequently obtained judgment at No. 177, April Term 1831, of the Common Pleas, as shown by the record; and it can hardly be presumed or inferred that the deed was made to the wife for the purpose of hindering and delaying the grantor in the collection of the debt due by the husband.

"It seems to me that both he and the purchaser, under the judgment obtained by him for such indebtedness, would and ought to be estopped from making any such allegation. If the conveyance to the wife was intended to hinder and delay creditors, then the grantor was a party to the fraud, and neither he nor any one claiming title under or through him ought to be permitted to allege the fraud, or to derive any advantage therefrom.

"It does not appear, from the records given in evidence, that the judgment of Fetterman, assigned to Dickerson, and upon which the land was sold, or that any of the other judgments against the husband, were obtained for debts contracted or incurred before the purchase of the land; and if they were not, the jury would not be justified in finding that the conveyance was made to the wife for the purpose of hindering, delaying or defrauding the

6 P. F. Smith—19

[French *v.* Mehan.]

plaintiff therein.   It is true that debts for which the judgments were obtained, or some of them, may have been contracted before the purchase of the land; but is there any evidence that satisfies the jury that such was the fact? and, if so, that the conveyance to the wife was made for the purpose of hindering and defrauding the creditors in their collection?   If not, the wife's title was not divested by the sheriff's sale of the land as the property of the husband; and, upon his death, the title to the whole land became vested in the plaintiff as survivor, and she is entitled to recover."

The verdict was for the plaintiff; and the defendant took a writ of error, assigning for error the refusal of his points, the principles of law in the charge, and submitting the case to the jury as a question of actual fraud.

*Hashbrouk*, for plaintiff in error, cited Stileman *v.* Ashdown, 2 Atk. 477; Reeve's Dom. Rel. 285 n.; Glaister *v.* Hewer, 11 Ves. 377; Gamber *v.* Gamber, 6 Harris 363; Keeney *v.* Good, 9 Id. 349; Winter *v.* Walter, 1 Wright 155; Bradford's Appeal, 5 Casey 513; Washabaugh *v.* Entriken, 12 Id. 512.

*White & Slagle*, for defendant in error.

The opinion of the court was delivered, November 18th 1867, by
   THOMPSON, J.—We see no necessity for adding anything to what has been so well said by the learned judge below, on the law of this case, in his charge to the jury.   All the questions in the case are discussed in a satisfactory manner in it, and the proper conclusions arrived at.   We affirm the judgment for the reasons therein given without more.

Judgment affirmed.