# Hetzel, Appellant, *v.* Lincoln.

*Husband and wife—Estate by entireties—Deed—Judgment.*

Where land is conveyed to a man and woman by name, "jointly," who are in fact husband and wife, and subsequently a judgment is entered against the husband, after which he conveys all his interest in the land, described as "the undivided one-half," to his wife, and thereafter a judgment of revival is entered against the husband with notice to the wife as terre-tenant, the wife after the death of the husband is entitled to the land free from the lien of the judgment.

The Act of June 8, 1893, P. L. 344, has no application to such a case.

Argued May 7, 1906. Appeal, No. 362, Jan. T., 1905, by plaintiff, from judgment of C. P. Union Co., Jan. T., 1903, No. 45, on verdict for defendant in case of Hiram H. Hetzel, Administrator of the Estate of Mary A. Hetzel, deceased, v. John W. Lincoln, Administrator of the Estate of Richard V. B. Lincoln, deceased, with notice to Anna M. Lincoln, Terre-tenant. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Scire facias to revive a judgment. Before McCLURE, P. J.

The facts are stated in the opinion of the Supreme Court.

Plaintiff presented the following points:

1. That the evidence raises the fair presumption that it was the intent of Richard V. B. Lincoln and Anna M. Lincoln to hold the lands conveyed to' them by Robert Reed and wife, by deed dated March 31, 1874, not as an estate by entireties, but in equal undivided interests as tenants in common; and that under the laws of Pennsylvania effect will be given to such intent, and the title be regarded as held by them accordingly; and that the undivided interest which passed from Richard V. B. Lincoln to Anna M. Lincoln by the deed of June 25, 1894, was subject to the lien of the judgment of Mary A. Hetzel v. Richard V. B. Lincoln, No. 94, of March Term, 1893, revived to No. 42, of March Term, 1898, with notice to said Anna M. Lincoln as terre-tenant, and now sought to be revived in the present proceeding. *Answer:* Refused. [1]

2. That if the law makes the estate conveyed by Robert Reed and wife to Richard V. B. Lincoln and Anna M. Lincoln

an estate by the entireties, the deed of Richard V. B. Lincoln of June 25, 1894, to Anna M. Lincoln and its acceptance by her; her subsequent dealing with the land so conveyed; and her allowing said judgment No. 94, March Term, 1893, to be revived against her as terre-tenant, show an intent to sever said estate by entireties, and an arrangement between Richard V. B. Lincoln and herself to hold said lands in undivided interests; and that, if the jury believe that there was such an arrangement, then said arrangement amounted to a partition; and when in pursuance of said arrangement Anna M. Lincoln received from Richard V. B. Lincoln a conveyance of his undivided one-half of said lands, she took the same subject to the lien of the Hetzel judgment, now sought to be revived. *Answer:* Refused. [2]

3. That Anna M. Lincoln was bound to defend against the revival of the judgment No. 94, March Term, 1893, when she was served as terre-tenant with adversary process, if she had any defense thereto; but having allowed a judgment of revival to be entered against her on March 19, 1898, to No. 42, March Term, 1898, it became conclusive, and she will not be allowed to convert the lien of said judgment against the undivided half interest in the lands conveyed to her by the deed of June 25, 1894, by said Richard V. B. Lincoln, but judgment of revival must be entered against her as terre-tenant in the proceeding now pending. *Answer:* Refused. [3]

4. Under all the evidence the verdict must be for the plaintiff. *Answer:* Refused. [4]

The court gave binding instructions for defendant. [5]
Plaintiff appealed.

*Errors assigned* were (1–5) above instructions, quoting them.

*Alfred Hayes* and *Andrew A. Leiser*, for appellant.—As shown by all the authorities the estate by entireties, in the case of a conveyance to a husband and wife, is created because " they are but one person in law, and it is founded upon the nature of marriage and the rights and incapacities which it establishes. But the reason gone, the rule should be likewise:" Merritt v. Whitlock, 200 Pa. 50.

Even if Richard V. B. Lincoln and Anna M. Lincoln held

originally by entireties, there was a severance and parol parti-
tion: Ebert v. Wood, 1 Binney, 216; Enyeart v. Kepler, 118
Ind. 34 (20 N. E. Repr. 539); Thornburg v. Wiggins, 135
Ind. 178 (34 N. E. Repr. 999).

It is respectfully submitted that holding as terre-tenant and
permitting judgment to be recovered against her as terre-tenant,
she was bound by the judgment so entered, and she is now
estopped to deny such tenancy, and the court was clearly in
error in directing a verdict for her: Colborn v. Trimpey, 36
Pa. 463; Colwell v. Easley, 83 Pa. 31; Hulett v. Mut. Life
Ins. Co., 114 Pa. 142; Cardesa v. Humes, 5 S. & R. 65;
Blythe v. Richards, 10 S. & R. 261; Davidson v. Thornton, 7
Pa. 128; Pittsburg, Cin. & St. L. Ry. Co. v. Marshall, 85 Pa.
187; Dowling v. McGregor, 91 Pa. 410; Campbell's App.,
118 Pa. 128; Trader v. Lawrence, 182 Pa. 233.

*Horace P. Glover*, with him *David L. Glover*, for appellee,
cited: Stuckey v. Keefe, 26 Pa. 397; Diver v. Diver, 56 Pa.
106; Bramberry's Estate, 156 Pa. 628; Gillan v. Dixon, 65
Pa. 395; Fleek v. Zillhaver, 117 Pa. 213; Haak's App., 100
Pa. 59; Coyle v. Reynolds, 7 S. & R. 328; Sankey v. Reed,
12 Pa. 95; Colwell v. Casley, 83 Pa. 31.

OPINION BY MR. JUSTICE BROWN, June 27, 1906:

The land against which the appellant insists the judgment
of his decedent is a lien was conveyed to Richard V. B. Lincoln
and Anna M. Lincoln "jointly," by deed from Robert Reed,
dated March 31, 1874. At that time the grantees were husband
and wife. On February 22, 1893, Mary A. Hetzel obtained a
judgment against the husband for $2,000. On June 25, 1894,
the husband conveyed all of his interest in the land to his wife,
the appellee, calling it "the undivided one-half." Within five
years from the entry of the Hetzel judgment a writ of scire
facias was issued to revive it against Richard V. B. Lincoln,
the defendant, with notice to his wife as terre-tenant, and judg-
ment of revival was entered March 19, 1898, for want of an ap-
pearance. Lincoln died June 18, 1901, and this scire facias
was issued November 7, 1902, against his administrator, with
notice to the appellee as terre-tenant. On the trial a verdict
was directed in her favor.

That the appellee and her husband took and held the land by entireties under the Reed deed cannot be questioned; but it is contended that, as the husband conveyed his interest to his wife as "the undivided one-half," and they subsequently executed a mortgage on the land, in which there is a reference to the conveyance by the husband, there is evidence of an intention that they held as tenants in common, and ought, therefore, to be regarded as such. Whatever may have been the intention of the husband, the right of the wife was fixed by the deed from Reed. By it each held by an entirety, and upon the death of either the estate would vest absolutely in the other as the survivor. The husband conveyed nothing to the wife that she would not have enjoyed if she survived him, as she did, and how his interest in the land, which was not liable for the payment of the Hetzel judgment unless he survived her, instantly became bound by the same as an enforceable lien against it by her acceptance of a deed for the unbound interest, is incomprehensible. But as this is the position taken by the appellant, it is our duty to notice it, though in doing so we cannot say more of it than that we do not understand it, because we cannot understand how an interest in land unbound by a judgment becomes bound by the same the moment the owner of that interest conveys it to another. In merely parting with the defeasible interest in the land the character of the lien upon it was not changed.

Another contention of counsel for appellant is, that in view of the Act of June 8, 1893, P. L. 344, Mrs. Lincoln ought to be regarded as a tenant in common with her husband. As already stated, her interest in the land was just what the Reed deed gave her, and this is what she is asserting. In that deed there is no evidence of any intention on the part of the grantor that the grantees should take any other estate than that arising from tenancy by husband and wife, and that estate was not changed by a statute passed nearly twenty years afterwards, giving to a married woman, as to her separate and independent estate, the same rights and powers as are possessed by an unmarried person. What the effect of the act of 1893 may be upon estates created since its passage is not the question now before us. At the time of the Reed conveyance the common-law rule as to tenancy by a husband and wife had not been affected by

our legislation. Seven years before, in Diver v. Diver, 56 Pa. 106, this court held that the act of 1848 did not convert an estate granted to husband and wife into a tenancy in common, and it was said of that act, "To hold it as operating upon the deed conveying land to a wife, making such deed assure a different estate from what it would have assured without the act, is to lose sight of the legislative purpose. Were we to do so, it would become in many cases a means of divesting her of her property, instead of an instrument of protection. In the present case, if it has converted the estate granted to Diver and his wife into a tenancy in common, it has taken from her her ownership and enjoyment of the entirety during her husband's life and her right of survivorship to the whole. On this subject the remarks of Chief Justice LEWIS in Stuckey v. Keefe's Executors, 26 Pa. 397, are worthy of attention. We hold then that no such effect is to be given to the act of 1848, or any of its cognate acts. The legal unity of husband and wife still remains, and consequently Mrs. Diver, on the death of her husband, succeeded to the whole estate granted by the deed." And so here, Mrs. Lincoln, on the death of her husband, took the whole estate granted by the Reed deed.

In 1898, when the appellee passively permitted the judgment against her husband to be revived, with notice to her as terre-tenant, she could not have done anything else. The judgment was a lien upon the defeasible estate of the husband. The wife could have made no defense in that scire facias that would have prevented the lien from becoming absolute if the defeasible estate of the defendant in the land should become absolute by her death. She was as likely to die first as he. When, by his death, she came into the enjoyment and possession of the whole estate under the deed from Reed she could, as terre-tenant, say that with the disappearance of the husband's estate, the lien of the judgment against him disappeared with it. The opportunity to say this came to her in the present proceeding, and the judgment of the court below, sustaining her, is affirmed.