## O'Malley *v.* O'Malley, Appellant.

*Real property—Estate by entireties—Divorce — Accounting for rents.*

1. Tenants by the entireties are not seized of undivided halves of the estate. Both are seized of the whole. There can be no severance of ownership in such an estate except by death of one of the parties, or by voluntary alienation by both. A divorce does not change an estate by the entireties into a tenancy in common.

2. A divorced wife cannot compel her former husband to account for and pay over to her one-half of the net revenues received by him from property held by them as tenants by the entireties.

Argued October 18, 1921. Appeal, No. 197, Oct. T., 1921, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1921, No. 7359, directing an accounting in the case of Mary O'Malley v. Patrick O'Malley. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover rents and compel an accounting.

The facts are stated in the opinion of the Superior Court.

The court entered judgment directing an accounting. Defendant appealed.

*Error assigned* was the order of the court.

*W. Horace Hepburn, Jr.,* for appellant.—Neither husband nor wife can, under any circumstances, require an accounting by the other in an estate by the entireties: Hilt v. Hilt, 50 Pa. Superior Ct. 455; Meyer's Est., 232 Pa. 89; Alles v. Lyon, 216 Pa. 604.

*Elton J. Buckley,* for appellee.—The court should not follow Hilt v. Hilt, 50 Pa. Superior Ct. 455, for while that decision correctly holds that divorce does not change the status of an estate by the entireties it overlooks the decisions holding that after a divorce action can be had to compel an accounting as between the parties: Hiles v. Fisher, 144 N. Y. 306; Rowlston v. Hall, 66 Ark. 305.

OPINION BY KELLER, J., November 21, 1921:

Certain real estate in the City of Philadelphia was conveyed to the defendant and plaintiff,—then husband and wife,—as tenants by the entireties. They were subsequently divorced. The plaintiff brought this action in assumpsit against her former husband to compel an accounting of the rents received by him from said property since the divorce and the payment to her of one-half

of the net revenues. The court below, without filing an opinion, ordered him to file an account of the rents so received by him. This appeal, which is authorized by the Act of March 30, 1921, No. 31, followed.

Counsel for the appellee frankly admits that in order to sustain his position, we must reverse our decision in the case of Hilt v. Hilt, 50 Pa. Superior Ct. 455, which is on all fours with the present appeal except that in that case the husband sought the accounting.

We have followed with interest the argument of the learned counsel in support of his position but are still of the opinion that the carefully prepared and well considered opinion of Judge Rice in the Hilt case correctly states the law of this Commonwealth as declared in the decisions of our Supreme Court.

The learned counsel starts with an erroneous premise in assuming that in the present status of the rights of married women the husband and wife are in some manner each entitled to one-half of an estate by the entireties, and follows with an equally erroneous conclusion that when the marriage relation is dissolved by divorce the usufruct of the estate must be equally divided between them.

Tenants by the entireties are not seized of undivided halves of the estate. Both are seized of the entirety or whole: Fairchild v. Chastelleux, 1 Pa. 176; French v. Mehan, 56 Pa. 286; McCurdy v. Canning, 64 Pa. 39. Unlike joint tenants who are said to be seized "per my et per tout," by the half or moiety and by all, husband and wife "being considered as one person in law, cannot take the estate by moieties, but both are seized of the entirety, per tout, et non per my": 2 Blackstone's Comm. 182.

In Beihl v. Martin, 236 Pa. 519, the Supreme Court, speaking through Mr. Justice Stewart, said: "This estate is too well established and too well defined to be subject to judicial impairment......Fundamentally the estate rests on the legal unity of husband and wife; it is therefore a unit, not made up of divisible parts subsist-

ing in different natural persons, but is an indivisible whole, vested in two persons actually distinct, yet to legal intendment one and the same. Each is seized of the whole estate from its inception, and upon the death of one, while the right of survivorship remains to the other, that other takes no new title or estate"; and it was held that there could not be a severance of ownership in such an estate in any other way than by the death of one of the parties or by voluntary alienation by both.

This result was not dependent on the fact that at common law the husband was entitled to the usufruct of his wife's real estate, for the various statutes enlarging the powers of married women and securing them control of their individual property, real and personal, have not altered the law as to the incidents and characteristics of an estate by the entireties. This point was ruled squarely by the Supreme Court as to the Act of April 11, 1848, P. L. 536, in McCurdy v. Canning, supra; as to the Act of June 3, 1887, P. L. 332, in Bramberry's Est., 156 Pa. 628; and as to the Act of June 8, 1893, P. L. 344, in Hetzel v. Lincoln, 216 Pa. 60, and Meyer's Est., 232 Pa. 89. And in the case of Alles v. Lyon, 216 Pa. 604, it was further held that a divorce does not change a tenancy by entireties into a tenancy in common, nor entitle the wife to rule her former husband to bring an action of ejectment. The court, in an opinion by Chief Justice MITCHELL, said: "The argument for the change by divorce from an estate by entireties to a tenancy in common rests on the assumption that as the basis of the estate is the unity of person, a severance of that unity carries with it a severance of the estate; that as after divorce an estate by entireties could not be created between the parties it cannot be continued. But this view fails to give due weight to the rule that the quality of the estate is determined at its inception. It arises not out of unity of person alone, but out of unity of person at the time of the grant. 'If an estate be made to a man and woman and their heirs, before

marriage, and after (wards) they marry, the husband and wife have moieties between them': Coke Litt. 187b; and see 2 Cruise's Digest 494, and 2 Plowden, 483, cited in Stuckey v. Keefe's Exrs., 26 Pa. 397. No stronger illustration could be given. If subsequent unity of person cannot change a tenancy in common to one by entireties, e converso a subsequent severance of the unity of person ought not to change a tenancy by entireties to one in common......In the present case, therefore, the parties took an estate by entireties at the time of the grant. By it the husband took a vested estate to which was incident a right of survivorship. That estate could not be divested, or stripped of any of its incidents except by express statutory provision existing at the time of its inception. The divorce severed the unity of person for the future, but it could not avail retrospectively to sever the vested unity of title and possession."

By the act creating this court (June 24, 1895, P. L. 212, section 10) it is provided: "Upon any question whatever before the said court the decision of the Supreme Court shall be received and followed as of binding authority." When, therefore, our Supreme Court has spoken on a subject, we are not concerned as to the changes in the law by legislation or judicial construction in other jurisdictions.

Any change desired in this State with respect to the law of estates by entireties must come, as was said in Beihl v. Martin, supra, "through legislative action and not through judicial construction."

The judgment of the court of common pleas is reversed.