## Cornelius v. Cornelius, Appellant.

456 

Argued March 18, 1932. 

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ. 

*Charles D. McAvoy,* for appellant.

*Thomas Raeburn White,* and with him *Henry M. Brownback,* for appellee.

Opinion by Keller, J., May 4, 1932:

The decision of this appeal depends on the construction to be given the opinion of the Supreme Court in O'Malley v. O'Malley, 272 Pa. 528. If restricted to its narrowest limits, the judgment below should be reversed; if given a broader and liberal construction, it should be affirmed. As we read the opinion in that case it should be given the broader and liberal interpretation.

In this case, as in that, the parties, plaintiff and defendant, became the owners as tenants by entireties of the real estate in question. Subsequently they were divorced. For the purpose of the present case it makes no difference who brought the libel for divorce, who was at fault, and who was not. Their right, after the divorce, to an equal division of the rents received

from the real estate held by them as tenants by entireties was established by the O'Malley case, irrespective of their guilt or innocence in the divorce action.

The only material point of difference between this and the O'Malley case is that, in the present case the real estate conveyed to the parties, as husband and wife, has not been rented by the defendant since the divorce, but has been occupied solely by him and used in business as a sanatorium conducted by him for his sole use and profit. Does this difference require a different result from that reached in the O'Malley case?

In the O'Malley case the learned opinion writer, (Mr. Justice SIMPSON), admitted,—as suggested by the appellee—, that the conclusion ultimately adopted by the court would have the result that "after a divorce [tenants by entireties] became for all practical purposes, [as between themselves], tenants in common so far as the rents are concerned" (p. 535). The reasoning given, inter alia, by the court for initiating the liberal policy adopted in that case, that "the gross inequity which necessarily results where one, having only an equal right with another, nevertheless takes all, and the not unreasonable probability of bodily harm being done and the public peace disturbed because the other endeavors to obtain her legal rights, is a potent warning that a conclusion which compels such injustice has error somewhere coiled in it," applies just as strongly where the defendant holds exclusive possession of the real estate as where he rents it to others. Besides, the Act of June 24, 1895, P. L. 237, 68 P. S. 21, sec. 101, has changed the rights of tenants in common of real estate as they existed at common law, by providing that the tenant in common not in possession may sue for and recover from the tenant in possession his or her proportionate part of the *rental value* of said real estate for the time such real estate shall have been in possession as aforesaid.

It would seem reasonable that if, after a divorce, tenants by entireties become for all practical purposes, as between themselves, tenants in common of the real estate, so far as the rents are concerned, the rights given a tenant in common out of possession by the Act of 1895, should also apply in such case, and a tenant by the entirety out of possession, after a divorce, be entitled to recover from her co-tenant by the entirety in exclusive possession of the real estate one-half of the rental value of the real estate, the same as she could recover an equal share of the net rents if the real estate were leased. In our opinion the liberal policy adopted by the Supreme Court in the O'Malley case requires this conclusion.

The assignments of error are overruled and the judgment is affirmed.