Wakefield, Appellant, *v.* Wakefield.

Argued March 13, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellant.

*Walter H. Compton,* for appellee.

OPINION BY RHODES, J., April 29, 1942:

This is an equity proceeding instituted by plaintiff for an accounting by her husband of rents, which accrued after separation, from real estate held as tenants by the entireties. The bill was filed on August 13, 1941, and averred, inter alia, that plaintiff and defendant were married in 1923, and were separated in 1937, and that since the separation defendant has leased the real estate held by the entireties, collected the rents, and refused to pay over to plaintiff any portion of the net income derived therefrom. There is no allegation of an intent to defraud; nor was it averred that the husband was using the funds so derived for his individual use, that he was not supporting plaintiff, that plaintiff contributed her own funds for the purchase of the property. Defendant's preliminary objection to the bill was sustained, and the bill was dismissed.

Plaintiff has appealed, and the only question that requires consideration is whether she can maintain the bill in equity against her undivorced husband for an accounting of the rents from real estate owned by them as tenants by entireties.

The incidents of estates by entireties, which are firmly established under the law of this state, have been the subject of frequent comment. Husband and wife are, in the contemplation of the common law, but one person, and hence they do not hold the estate in fee by moieties, but both are seized of the entirety, *per tout et non per my.* 2 Blackstone's Comm. 182; *Fairchild v. Chastelleux,* 1 Pa. 176; *French v. Mehan,* 56 Pa. 286; *McCurdy et al. v. Canning,* 64 Pa. 39. Owing to their legal unity they do not stand as ordinary joint tenants to each other, *per my et per tout. Gillan's Executors v. Dixon et al.,* 65 Pa. 395, 398. There is but one estate, and, in contemplation of law, it is held by but one person. *Gasner v. Pierce et al.,* 286 Pa. 529, 531, 134 A. 494.

"It is well settled that if an estate in land be given to the husband and wife, or a joint purchase be made by them during coverture, they are not properly joint-tenants, nor tenants in common, for they are but one person in law, and cannot take by moieties": *French v. Mehan,* supra, 56 Pa. 286, at page 288.

In *Beihl v. Martin,* 236 Pa. 519, at page 522, 84 A. 953, at page 954, our Supreme Court, in commenting upon estates by entireties, said: "Recognizing its very anomalous character we have been careful, as all our cases show, to give effect to these peculiar incidents which naturally and logically attach ......" In *Stuckey v. Keefe's Executors,* 26 Pa. 397, at pages 400, 401, Mr. Chief Justice LEWIS, in contrasting tenants in common with tenants by entireties, said: "Tenants in common may sell their respective shares. They are compellable to make *partition.* They are liable to reciprocal actions of *waste* and of *account;* and, if one turns the other out of possession, an action of *ejectment* will lie against him. These incidents cannot exist in an estate held by husband and wife. No action of *partition,*[1] or *waste,* or *account,* or *ejectment,* can be maintained by one against the other ...... It is evident, therefore, that the estate, during the lives of the grantees, or during the continuance of the marriage bond, would have none of the chief incidents of a tenancy in common."

In *O'Malley v. O'Malley,* 272 Pa. 528, 116 A. 500, which reversed the decision of this court,[2] it was held that after divorce one could recover from the other an equal share of the net rents received from the real estate held by them as tenants by entireties. It was also there stated (p. 532), citing *Alles v. Lyon,* 216 Pa. 604, 66 A. 81, that divorce did not destroy an estate by entireties. But as Judge KELLER (now President

---

[1] See Act of May 10, 1927, P. L. 884, §1, 23 PS §94; *Mertz v. Mertz,* 139 Pa. Superior Ct. 299, 11 A. 2d 514.

[2] *O'Malley v. O'Malley,* 78 Pa. Superior Ct. 10.

Judge) said in *Cornelius v. Cornelius,* 104 Pa. Superior
Ct. 455, at page 457, 160 A. 150, at page 151: "In the
O'Malley case the learned opinion writer, (Mr. Justice
SIMPSON), admitted,—as suggested by the appellee—,
that the conclusion ultimately adopted by the court
would have the result that 'after a divorce [tenants
by entireties] became for all practical purposes, [as
between themselves], tenants in common so far as the
rents are concerned' (p. 535)." In the O'Malley case,
supra, 272 Pa. 528, at page 535, 116 A. 500, at page 503,
Mr. Justice SIMPSON further said: "Indeed it might as
well be said that since each takes all for the benefit of
both while the unity of person continues, when, after
that unity is destroyed by the act of the law, one takes
the entirety and denies all right in the other, an incident
of the estate is destroyed ......" In the Cornelius
case, where the divorced husband occupied the premises,
this court, following the O'Malley case, treated the
parties as tenants in common as to the rental value
after divorce, and applied the Act of June 24, 1895, P.
L. 237, §1, 68 PS §101, which changed the rights of
tenants in common of real estate as they existed at
common law by providing that the one not in posses-
sion may recover from the one in possession his or
her proportionate part of the rental value. See, also,
*Mertz v. Mertz,* 139 Pa. Superior Ct. 299, 302, 11 A.
2d 514. The quality of an estate by entireties and
its incidents do not allow a similar construction
where there has been no divorce, and while the legal
unity continues.

The Act of June 8, 1893, P. L. 344, §3, as amended
by the Act of March 27, 1913, P. L. 14, §1, 48 PS §111,
cited by appellant, provides, inter alia, that the wife
"may not sue her husband, except in a proceeding for
divorce, or in a proceeding to protect and recover her
separate property." The present action is not within
the exception of the act. While the Married Women's
Acts, 48 PS §31 et seq., changed the common law, they

have not changed the incidents and characteristics of an estate by entireties. The purpose of the legislature was not to destroy the legal unity of husband and wife or to reduce an estate by entireties to one in common, but to protect the wife's property by removing it from the dominion of the husband. *Meyer's Estate (No. 1),* 232 Pa. 89, 92, 93, 81 A. 145; *Hetzel v. Lincoln,* 216 Pa. 60, 63, 64, 64 A. 866; *Magee et ux. v. Morton Building & Loan Ass'n,* 103 Pa. Superior Ct. 331, 337, 158 A. 647; *Bramberry's Estate,* 156 Pa. 628, 632, 633, 27 A. 405; *Diver v. Diver,* 56 Pa. 106, 109. The legal unity of husband and wife still remains, and the husband has the entire use and the wife has the entire use, for there are no moieties between husband and wife, where the real estate has been conveyed to and held by them as tenants by entireties. *McCurdy et al. v. Canning,* supra, pp. 40, 41; *Hoover v. Potter,* 42 Pa. Superior Ct. 21. While the marriage subsists it makes no difference which of the parties leases the property and obtains the rents; the leasing by either is for the benefit of them in that relation. *O'Malley v. O'Malley,* supra, p. 533; *Madden et al. v. Gosztonyi S. & T. Co.,* 331 Pa. 476, 488, 200 A. 624. Consequently, it being admitted that plaintiff and defendant are still wife and husband, under the circumstances set forth in the bill neither could require an accounting by the other of the rents from the real estate owned by them as tenants by entireties. See *Meyer's Estate (No. 2),* 232 Pa. 95, 96, 81 A. 147; *O'Malley v. O'Malley,* supra, pp. 535, 536.

In the case before us we are of the opinion that dismissal of plaintiff's bill was proper.

Decree of the court below is affirmed, at cost of appellant.