## Bender et ux. v. Killey et ux.

*C. Edward DePuy*, for plaintiff.

*Russell Mauch, G. W. Nitrauer and David B. Skillman*, for defendants.

DAVIS, P. J., December 3, 1945.—This matter comes before the court upon a rule to show cause why funds paid into court by the Sheriff of Monroe County should not be paid out and distributed, one half thereof unto petitioner, and the remaining one half thereof unto Elsie Killey.

The facts are: As a result of executions issued on two judgments certain real estate situate in Monroe County and owned by C. W. Killey and Elsie Killey, his wife, as tenants by entirety, was sold by the sheriff. The sheriff paid the judgment debts from the proceeds of the sale and made his return according to law to which no exceptions were filed. After making these disbursements in accordance with his return the sheriff had in his possession the sum of $2,952.04 due the said C. W. Killey and Elsie Killey, his wife, as tenants by entirety. When the said tenants by entirety did not agree to a distribution of the said fund, the sheriff presented his petition to court setting forth the facts and praying that he be authorized to deposit the said sum in court. Accordingly, on July 12, 1945, an order was made by the court authorizing the payment of said funds into court. On August 6, 1945, C. W. Killey presented his petition praying for rule to show cause why the said funds should not be distributed to himself and wife in equal shares as above set forth. Elsie Killey filed her answer on August 27, 1945, alleging among other things that there was a dispute between petitioner and respondent concerning the distribution of the said funds and among other things asked for the dismissal of said rule at the cost of petitioner, for the reason that the proper procedure had not been followed. Petitioner filed a reply to respondent's answer on September 8, 1945, alleging there is not in any court of competent jurisdiction in this Commonwealth or elsewhere a pending dispute between petitioner and respondent concerning the distribution

of the funds now held by your honorable court as averred in paragraph four of the answer. The case was argued on petition and answer and replication.

Counsel for respondent contends that where there is a dispute as to the distribution of the proceeds of an execution sale the applicable procedure is designated by section 86 of the Act of June 16, 1836, P. L. 755, 12 PS §2661. This act provides as follows:

"In all cases of sale upon execution, as aforesaid, where there shall be disputes concerning the distribution of the money arising therefrom, the court from which the execution shall have issued shall have power, after reasonable notice given, either personally, or by advertisement, to hear and determine the same, according to law and equity."

Section 87 of the Act of June 16, 1836, P. L. 755, 12 PS §2663, provides as follows:

"If any fact connected with such distribution shall be in dispute, the court shall, at the request, in writing, of any person interested, direct an issue to try the same, and the judgment upon such issue shall be subject to a writ of error, in like manner as other cases wherein writs of error now lie."

Section 2 of the Act of April 20, 1846, P. L. 411, 12 PS §2664, applying to the same subject matter provides as follows:

". . . before an issue shall be directed upon the distribution of money arising from sales under execution, or orphans' court sales, the applicant for such issue shall make affidavit that there are material facts in dispute therein, and shall set forth the nature and character thereof; upon which affidavit the court shall determine whether such issue shall be granted, subject to a writ of error or appeal by such applicant, if the issue be refused, in like manner, as in other cases in which such writ now lies."

Petitioner has cited no authority to sustain the procedure used in this case rather than the procedure expressly designated in the aforementioned statutes. All the parties in interest are in court. As we view it, if only the matter of procedure were involved we would allow either disputant to file his request for an issue, in writing, together with the necessary affidavit and proceed to have the question disposed of in accordance with the act. However, counsel for respondent contends that the court has no power to distribute to the parties separately what they own by the entireties, while the relationship of husband and wife exists. If this contention is correct whatever procedure was used necessarily would have to be dismissed.

It is well settled in this State that an estate by entireties may exist as to both real and personal property: Gillan's Executors v. Dixon, 65 Pa. 395. The real estate from which the fund in question was derived was held by the parties as tenants by the entireties. The estate by entireties persists in the proceeds derived from the sale by the sheriff of the real estate so held: Bramberry's Estate, 156 Pa. 628, 26 Am. Jur. 702. Even in jurisdictions which hold that an estate by entireties may exist in real estate but not in personal property, proceeds derived from the sale of real estate held by entireties, as in this case, are still regarded as held by entireties: 26 Am. Jur. 703, and cases cited.

In Wakefield v. Wakefield, 149 Pa. Superior Ct. 9, Judge Rhodes says:

"The incidents of estates by entireties, which are firmly established under the law of this State, have been the subject of frequent comment. Husband and wife are, in the contemplation of the common law, but one person, and hence they do not hold the estate in fee by moieties, but both are seized of the entirety, per tout et non per my."

In Stuckey v. Keefe's Executors, 26 Pa. 397, cited in Wakefield v. Wakefield, supra, it was said:

"Tenants in common may sell their respective shares. They are compellable to make partition. They are liable to reciprocal actions of waste and of account; and, if one turns the other out of possession, an action of ejectment will lie against him. These incidents cannot exist in an estate held by husband and wife. No action of partition, or waste, or account, or ejectment, can be maintained by one against the other. . . . It is evident, therefore, that the estate, during the lives of the grantees, or during the continuance of the marriage bond, would have none of the chief incidents of a tenancy in common."

Each spouse owns the whole estate. While the marriage relation exists, the estate may be terminated only by the death of one spouse or by agreement of both. We believe in this case the court has no power to decree a division of the fund in question in any proportion unless both parties agree: Meyer's Estate No. 1, 232 Pa. 89; McCurdy v. Canning, 64 Pa. 39.

If the marriage relationship should be terminated, then the parties would be in a different position and under authority of O'Malley v. O'Malley, 272 Pa. 528, it would seem that distribution might be made.

Respondent has suggested that the court direct that the fund now in its custody be invested in the debt of the United States. Petitioner has not stated his attitude in relation to the matter. We believe all the parties appearing to be entitled to the fund should make application for the investment thereof. If the parties desire, we would be willing to entertain such an application.

And now, December 3, 1945, the rule to show cause in the above-captioned case is dismissed at the costs of the petitioner.