# Gould et al. v. Lipshutz

*Joseph L. Prince*, for plaintiffs.

*McTighe, Markel & Coates*, for defendant.

CORSON, J., January 19, 1948.—Plaintiffs, husband and wife, are owners as tenants by the entireties of a property in Pottstown, this county. Plaintiffs jointly occupied their property up until the time differences arose and Mrs. Gould left. The husband contends that he continued to occupy the premises but that during a temporary absence his wife removed practically all of the furniture therefrom. Sometime thereafter the wife executed a lease to defendant, Lipshutz, who moved back the furnishings that had been removed and installed himself and family in the property. The husband, Mark E. Gould, joining his wife as plaintiff, brought the present action in ejectment seeking to oust Lipshutz from the property. Plaintiffs contended

that at the time Lipshutz took possession of the property plaintiff husband was actually living in the property but was temorarily absent in Philadelphia at the time defendant moved in.

The trial judge, without the presentation of authorities by either party, gave binding instructions in favor of plaintiffs upon the theory that neither party to a tenancy by the entireties can exclude the other from the property, since to do so attacks and destroys one of the basic incidents of a tenancy by the entireties, by preventing one tenant from enjoying the estate. Defendant thereupon filed the present motions and cites O'Malley v. O'Malley, 272 Pa. 528 (1922) ; Gasner v. Pierce et al., 286 Pa. 529 (1926) ; Wakefield v. Wakefield, 149 Pa. Superior Ct. 9 (1942) ; Madden et al. v. Gosztonyi Savings & Trust Co., 331 Pa. 476, 489 (1938). These cases would seem to hold that either spouse may lease a property held by the entireties— the presumption being that in so doing such tenant was acting for the other provided the rent inures to the benefit of both and the estate is not terminated: Madden v. Gosztonyi Savings & Trust Co., supra. Wakefield v. Wakefield, supra, would seem to hold that a lease does not terminate an estate by the entireties. None of the appellate court cases cited by defendant, however, is a case where the nonleasing party brings ejectment against the lessee. In most of the cases the question involved is the right of the nonleasing party to a share in, or to have an accounting of, rentals received by the other party.

In the Madden case the question arose over a savings account held as tenants by the entireties in a closed bank. In Berhalter v. Berhalter et al., 315 Pa. 225 (1934), the question again arose as to the rights of the parties to a bank account, held as tenants by the entireties. In the Berhalter case, at page 228, the court said: "Had the estate consisted of real property, she could not have leased it in her own name (O'Malley

v. O'Malley, supra) ; . . ." This may have been an oversight upon the part of the writer of the Berhalter opinion, since O'Malley v. O'Malley states at page 533:

"Because of the unity of person and estate existing during marriage, either spouse may lease it and collect the rent; but this is so not because the right to do so is an incident of the estate, on the contrary it only flows from an incident thereof."

What the court in the Berhalter case apparently was referring to was that when one tenant leases the property, that tenant is presumed to be acting for both parties. Is this a conclusive presumption of law or a rebuttable presumption? The cases do not clearly say but in none of the cases cited did the court allow this presumption to be rebutted.

In the present case, however, we feel that a new trial must be granted. If plaintiff husband was in possession at the time defendant took possession under his lease, then we would have a situation where the wife was, in effect, throwing her husband out of possession of the property. This she could not do herself, and it is difficult to see how she could transfer powers to her lessee greater than she herself possessed. If plaintiff husband had abandoned the property, a different question might arise.

Admittedly Mrs. Gould, wife plaintiff, had abandoned the property, so that as to any lease or proposed lease by husband plaintiff the same question does not arise. In view of the amount of rent, a question may arise whether or not the action of plaintiff wife in leasing it at a low rental to a rather close relative was not fraudulent as to husband plaintiff. In a lower court case (Schiavo v. Beltz, 23 D. & C. 24 (1934) ), the court held that where the husband leased the property for a certain rental, the wife had the right to reduce such rent. If the nonleasing spouse has the right to reduce the rent, would she have the right to

increase the rent? If the statements of the appellate courts as to the rights of either tenant to lease premises held by the entireties are to be taken literally, one tenant by leasing it to a third party for a period of 99 years would divest the other tenant entirely of the right ever to have the beneficial use of the property, even though the leasing tenant should predecease the other. This, of course, would be a reductio ad absurdum. Such action would seem to be directly contrary to the rule that neither party can alienate or transfer any interest in the tenancy without the consent of the other party.

Since we feel that the jury should have been allowed to pass upon the question of fact as to whether or not plaintiff husband was in possession of the premises at the time defendant took possession under the lease, we enter the following decree:

And now, January 19, 1948, defendant's motion for judgment non obstante veredicto is refused and a new trial is granted.