## Cullinan v. Cullinan

Before Marshall, Ellenbogen and Soffel, JJ.

*Harry A. Estep* and *James T. Philpott*, for plaintiff.

*Joseph I. Winslow*, for defendant.

SOFFEL, J., December 9, 1949.—John Cullinan, plaintiff, brought suit in equity against his wife, Mary Cullinan, defendant, seeking—

1. An injunction to restrain defendant from keeping plaintiff out of certain property owned by the parties as tenants by the entireties;

2. An accounting for a one-half interest in certain war bonds;

3. An accounting for one half of the rents collected by defendant from property owned by the parties as tenants by the entireties.

The chancellor found in favor of plaintiff, and in the decree nisi granted the equitable relief sought.

The case comes before the court on defendant's exception to that portion of the chancellor's decree which reads as follows:

It is ordered, adjudged and decreed that defendant, Mary Cullinan, shall account to plaintiff, John Cullinan, for rentals in the sum of $3,313.75, being one half of the total rents collected from 1932 to November 1948 for a portion of the premises at 5117 Dearborn Street, Pittsburgh, Pa., less one half the cost of maintenance, including taxes and repairs.

No formal exception has been filed to the second conclusion of law. Since the portion of the decree cited is predicated upon the court's second conclusion of law, we shall presume that defendant intended also to except to that conclusion of law. The second conclusion of law as found by the chancellor reads as follows:

Defendant shall account to plaintiff for one half of the rents collected from the premises, less one half of the cost of maintenance, including taxes and repairs, to wit, as follows:

Rent collected from 1932 to 1936 at $25 per
    month . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$1,200.00
Rent collected for 1936 at $32.50 per month    390.00

Rent collected for years 1937 to 1948, at
$32.50 per month ................. 4,680.00
Rent collected January 1948 to November
1948, at $32.50 per month........... 357.50
_____
Total ........................ $6,627.50

One half of the total of $6,627.50 amounts to $3,313.75.

The question raised by the exception is whether a husband can obtain by bill in equity against an undivorced wife an accounting of rents derived from real estate owned by the parties as tenants by the entireties.

Defendant contends that this cannot be done, and relies chiefly on two cases: Stimson v. Stimson, 346 Pa. 68, and Wakefield v. Wakefield, 149 Pa. Superior Ct. 9.

In Stimson v. Stimson, supra, a bill in equity was filed by a former wife to compel her husband, inter alia, to account for rents from real estate owned by the entireties acquired during the period of the marriage. Mr. Justice Stern speaks to the issue in that case as follows:

"The prayer of the bill for an accounting for defendant's use and occupancy of the premises cannot be sustained. Until the parties were divorce in 1929 they were tenants by the entireties, each being seized of the whole estate and entitled to possession; therefore plaintiff could not have demanded an accounting for the rental value of the premises during their marital period: Stuckey v. Keefe's Executors, 26 Pa. 397, 401; Wakefield v. Wakefield, 149 Pa. Superior Ct. 9, 25 A. 2d 841. After the divorce, the parties having become tenants in common so far as the rents of the real estate were concerned, plaintiff might have been entitled to recover, in an action at law, one half of the rental value of the property (O'Malley v. O'Malley, 272 Pa. 528, 116 A. 500; Cornelius v. Cornelius, 104 Pa. Supe-

rior Ct. 455, 160 A. 150; Act of June 24, 1895, P. L. 237) were it not for the fact that she admits she was in part possession of the premises for some time between the date of the divorce and the conveyance of the property, and for the added reason that the statute of limitations precludes recovery for that period."

In Wakefield v. Wakefield, supra, wife plaintiff by a bill in equity sought an accounting from her husband of rents which accrued after separation from real estate held as tenants by the entireties. Judge Rhodes held that a husband and wife do not hold an estate by entireties in fee by moieties, but both are seized of the entirety, per tout et non per my; that since each takes all for the benefit of both, while the unity of person continues, it makes no difference which of the parties leases the property and obtains the rent, the leasing by either being for the benefit of both of them (husband and wife). The dismissal of the bill of complaint for an accounting of rents was sustained.

Since the cases here cited establish the principle of law that a husband cannot obtain by a bill in equity against an undivorced wife an accounting for rents derived from real estate held by the parties as tenants by the entireties, defendant's exception to the portion of the chancellor's decree as hereinbefore set out will be sustained.

Defendant also filed an exception to that portion of the chancellor's decree which dealt with an accounting to plaintiff by defendant of war bonds, and which enjoined defendant from interfering with the right of the plaintiff to enter, use, occupy and possess premises at 5117 Dearborn Street, Pittsburgh, Pennsylvania. At the argument, counsel for defendant abandoned this exception. It has therefore not been discussed, and will be dismissed.