## Coyle v. Coyle

Before Mc-Naugher, P. J., O'Brien and Nixon, JJ.

*Stanley V. Ostrow* and *Cooper & Goodman*, for plaintiff.

*John C. Fulton* and *Charles B. Jarrett*, for defendant.

NIXON, J. April 30, 1954.—This case comes before us on plaintiff's preliminary objections to defendant's new matter, and defendant's petition to amend answer. Plaintiff alleges in his complaint that a conveyance to himself and defendant, as tenants by entireties, was induced by fraudulent misrepresentations and undue influence on the part of the wife, who stood in a confidential relationship to him. The property in question had previously been owned by plaintiff individually, and the estate by entireties was created in 1951 by conveyance through an intermediary strawman. Plaintiff alleges that defendant, Bertha V. Coyle, has deserted the marital domicile and he asks that the deeds above mentioned be declared null and void. Defendant denies the allegations of fraud and undue influence and alleges further that she left plaintiff for just and reasonable cause. As new matter, defendant alleges that since February 1, 1952, plaintiff has leased the property and collected the rent, without any accounting to her. Defendant asks a one-half share of the rents and other benefits. Defendant has also petitioned for leave to amend the averments of the new matter to the effect that plaintiff is using the rental income for his own benefit, and that he is not supporting defendant, his wife. The preliminary ob-

jections and the question of the proposed amendments were argued together before this court.

The question of law raised is whether a wife can compel an accounting of rents and other benefits received by the husband, where the parties are not living together and the husband remains in possession of and rents property held by them as tenants by entireties.

The Act of June 8, 1893, P. L. 344, as amended by the Act of 1913, P. L. 14, 48 PS §111, provides that a married woman "may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property." This statute has been discussed in a number of cases, one of the leading authorities being the case of Wakefield v. Wakefield, 149 Pa. Superior Ct. 9. There the wife sought an accounting of rents that had accrued after separation of the parties. Dismissal of the bill was sustained, the court stating at page 13:

"The legal unity of husband and wife still remains, and the husband has the entire use and the wife has the entire use, for there are no moieties between husband and wife, where the real estate has been conveyed to and held by them as tenants by entireties . . . Consequently, it being admitted that plaintiff and defendant are still wife and husband, under the circumstances set forth in the bill neither could require an accounting by the other of the rents from the real estate owned by them as tenants by entireties."

Application of that principle to the case at bar is clear enough to require little or no elaboration. Admittedly the parties are not divorced, and the marriage still has legal subsistence. The purpose of the counterclaim is not to recover or protect *separate* property of the wife, while on the other hand, plaintiff's complaint is grounded on the theory that the realty in question was formerly his separate property. If the husband

is successful in his suit, the property is his separate possession; if he is unsuccessful, the parties will continue as tenants by entireties. In no event is separate property of the wife involved. Nor is the situation altered by the fact that the demand for accounting appears by way of answer, rather than by direct suit.

Defendant, however, contends that there are exceptions to the general rule and that this case comes under one of those exceptions, namely that an accounting may be required where the husband uses the rental for his own use and does not support the wife. Defendant urges that this exception is set forth clearly in the Wakefield case, supra, and seeks to amend the answer to come within the alleged exception. We do not find this set forth as an exception in the Wakefield case. There the court merely states as dictum that no allegation to that effect appears in the bill.

The only exceptions contained in the statute are in case of divorce or actions concerning separate property. The cases establish that so long as the married status of the parties continues and the estate by entireties remains intact, no right to an accounting exists. See also Cullinan v. Cullinan, 72 D. & C. 146; Lalich v. Lalich, 60 D. & C. 337.

Accordingly the new matter contained in defendant's original answer will be stricken, and leave to amend and supplement will be denied, insofar as it concerns paragraphs 16 and 18 thereof.

### Order of Court

And now, April 30, 1954, it is ordered that plaintiff's preliminary objections to the new matter contained in defendant's answer be and they are hereby sustained.

It is further ordered that defendant's petition for leave to amend and supplement the answer be and it is hereby denied, insofar as it concerns paragraphs 16 and 18 thereof.