## Comito's Estate.

*William Abbott Witman, Jr.,* for Berks County Trust Company, guardian of Mary Grazia Comito, a minor, petitioner.

*John P. Wanner,* for respondent.

MARX, P. J., July 6, 1929.—This matter comes before us upon petition and answer. From these pleadings we find facts as follows:

1. On Nov. 29, 1912, Elizabeth E. Palm conveyed to Francesco Comito and Maria Grazia Comito, his wife, in fee simple, the following real estate: All

that certain lot or piece of ground, together with the three-story brick dwelling-house thereon erected, situate on the west side of North Third Street, between Penn and Washington Streets, and being No. 38 North Third Street, in the City of Reading, County of Berks and State of Pennsylvania, bounded on the north by property now or late of J. Allison Orr, on the east by North Third Street, on the south by property now or. late of Isaac Francis and the estate of John Buchanan, and on the west by Thorn Street, containing in front or width 30 feet and in depth 230 feet.

2. On April 6, 1915, Francesco Comito conveyed, by direct conveyance, in fee simple, to his wife, Maria Grazia Comito, "an undivided one-half interest" in said real estate. The wife did not join, as grantor, in this conveyance.

3. On Aug. 19, 1917, the said Maria Grazia Comito died, leaving a last will and testament, dated Jan. 23, 1913, and a codicil thereto, dated May 22, 1917, which were duly probated on June 18, 1918. Under the aforesaid will and codicil, testatrix gave unto her niece, Mary Grazia Comito, the sum of $500, to be paid on her arrival at the age of twenty-one years, or on the date of her marriage, whichever happened first.

4. The personal estate of Maria Grazia Comito, according to an inventory and appraisement filed, aggregates the sum of $100.

5. Subsequent to the death of Maria Grazia Comito, Francesco Comito married Maria Comito.

6. On Dec. 15, 1922, Francesco Comito and Maria Comito, his wife, conveyed the aforesaid real estate in fee simple to Charles Gison.

7. On the same day, Dec. 15, 1922, Charles Gison and wife conveyed, in fee simple, said real estate to Francesco Comito and Maria Comito, his wife.

8. On or about Oct. 19, 1928, Francesco Comito died, survived by his wife, Maria Comito.

9. The legacy of $500 to Mary Grazia Comito has never been paid; the personal assets of the testatrix are insufficient for payment of the same, and any interest which Maria Grazia Comito may have had in the aforesaid real estate at the time of her death was not specifically devised, and was the only real estate which said testatrix may have possessed.

### Discussion.

The petition and answer raise two questions for consideration, to wit:

1st. Did Francesco Comito convey to his wife, Maria Grazia Comito, an interest in the premises described which survived the death of the said Maria Grazia Comito and which was subject to her testamentary disposition?

2nd. May a legacy, in default of sufficient personal assets, be charged upon real estate of the testator not specifically devised?

The petition by the Berks County Trust Company, guardian of Mary Grazia Comito, legatee under said will and codicil of Maria Grazia Comito, asks that said premises, No. 38 North Third Street, Reading, be charged with payment of said legacy of $500, with interest from Aug. 19, 1918.

In the eighth paragraph of the petition it is admitted that, by operation of law, Maria Comito, the second wife, became seized of the fee at the death of Francesco Comito. In the tenth paragraph of the petition it is again admitted that Maria Comito is at present the owner in fee of the described premises. In spite of these admissions, the petitioner argued that by virtue of the conveyance of April 6, 1915, Maria Grazia Comito died possessed of an indefeasible fee in said premises, or in a part thereof. For this reason, we deem it necessary to consider the first question proposed.

Under the conveyance from Elizabeth E. Palm, Francesco Comito and Maria Grazia Comito, his wife, held by entireties. This estate comes to us from the common law and retains, unchanged, the common law characteristics of the relationship of husband and wife. Detailing and distinguishing the elements of an estate by entireties, our Supreme Court, in an opinion by Lewis, C. J., said in the leading case of Stuckey v. Keefe's Exec'rs, 26 Pa. 397:

"A conveyance to husband and wife creates neither a tenancy in common nor a joint tenancy. The estate of joint tenants is a unit made up of divisible parts; that of husband and wife is also a unit, but it is made up of indivisible parts. In the first case there are several holders of different moieties or portions, and upon the death of either, the survivor takes a new estate. He acquires by survivorship the moiety of his deceased co-tenant. In the last case, although there are two natural persons, they are but one person in law, and upon the death of either, the survivor takes no new estate. It is a mere change in the properties of the legal person holding, and not an alteration in the estate holden. The loss of an adjunct merely reduces the legal personage holding the estate to an individuality identical with the natural person. The whole estate continues in the survivor, the same as it would continue in a corporation after the death of one of the corporators: Rogers v. Grider, 1 Dana, 242; Taul v. Campbell, 7 Yerger, 319. This has been settled law for centuries. The distinction may seem a nice one, but it is founded upon the nature of marriage and rights and incapacities which it establishes."

"Coke tells us that 'there can be no moieties between' husband and wife: Co. Lit., 187 b; Thomas Coke, 855; 2 Yeates, 462. Littleton says that the reason is that they are one person in law: Id. Blackstone tells us that for that reason 'they cannot take the estate by moieties, but both are seized of the entirety:' 2 Bl. Com., 182; 2 Cruise Dig., 492. If they are 'one person in law'—if 'there be no moieties between them'—if 'they cannot take by moieties,' but both 'must be seized of the entirety'—the intention to create a tenancy in common is immaterial, for the rule is that the very same words which create such an estate between other parties create an entirety in husband and wife. The case of Green v. King was determined, not on any supposed intention of the parties to the conveyance, but on the sole ground of the absolute incapacity of the husband and wife, who are regarded as one person in law, to take, during coverture, separate estates: 2 Bl. Rep., 1211."

Being one person, husband and wife took *per tout*, and not *per my* or *per my et per tout*. The only estate which they could together hold, regardless of the words of the grant, came to them, and to each of them, as a whole, and in their hands and between them was and must remain indivisible.

Comito, by his deed of April 6, 1915, undertook to convey to his wife "an undivided one-half interest" in the premises held by them in entireties. Whether, believing his wife and he held by moieties, he intended to convey his moiety, thereby lodging both in her, or, believing he held the whole by a fee defeasible by his death, he intended to divide the whole and fix in his wife an absolute and an indefeasible fee in the moiety, we cannot say. In either event, he undertook to do what cannot be done—divide and convey in parts what is indivisible, an estate by entireties. In the case of Hetzel v. Lincoln, 216 Pa. 60, the facts were as follows: Reed conveyed land to Lincoln and wife "jointly" in 1874. In 1893, Mary A. Hetzel obtained judgment against the husband for $2000. In 1894, the husband, Lincoln, conveyed "the undivided one-half," his entire interest in the land, to his said wife. Within five years after the entry of the Hetzel judgment, a writ of *scire facias* was issued to revive the judgment against Lincoln, with notice to his wife as terre-tenant.

In 1898, judgment for want of an appearance was entered against both. Lincoln died in 1901 and a *scire facias* was issued against his administrator on Nov. 7, 1902, with notice to the widow as terre-tenant. On the trial, a verdict was directed in favor of the widow. It was contended that, as the husband conveyed "the undivided one-half" to his wife, and they subsequently executed a mortgage on the land, in which there was a reference to the conveyance by the husband, there was evidence of an intention to hold as tenants in common. The Supreme Court held: "Whatever may have been the intention of the husband, the right of the wife was fixed by the deed from Reed. By it each held by an entirety, and upon the death of either the estate would vest absolutely in the other as the survivor."

To the same effect, the Supreme Court, in Beihl *v.* Martin, 236 Pa. 519, say (page 527) : "The rights of the parties are fixed by the deed of conveyance to them, and by that instrument each took an entirety made up of indivisible parts. Any alienation by one, the other not consenting, of any interest whatsoever in the estate, if allowed, would be an abridgment *pro tanto* of the rights of the other. By their joint act they admittedly have the right to sell and dispose of the whole estate; by their joint act they may strip the estate of its attributes and create a wholly different estate in themselves; but neither can divest himself or herself of any part without in some way infringing upon the rights of the other."

The nature of the interest of a tenant by entireties has not been abolished or altered by our so-called Married Women's Acts. ". . . the various statutes enlarging the powers of married women and securing them control of their individual property, real and personal, have not altered the law as to the incidents and characteristics of an estate by the entireties. This point was ruled squarely by the Supreme Court as to the Act of April 11, 1848, P. L. 536, in McCurdy *v.* Canning, 64 Pa. 39; as to the Act of June 3, 1887, P. L. 332, in Bramberry's Estate, 156 Pa. 628; and as to the Act of June 8, 1893, P. L. 344, in Hetzel *v.* Lincoln, 216 Pa. 60, and Meyer's Estate, 232 Pa. 89:" O'Malley *v.* O'Malley, 78 Pa. Superior Ct. 10, 13. See, also, Gasner *v.* Pierce, 286 Pa. 529, 531.

It may be further noted that the deed from Comito to Maria Grazia Comito was signed by him alone. As already seen, conveyance of title or any interest in title by entireties requires the joint action of husband and wife. Under a similar statutory requirement, prior to the Act of June 3, 1911, P. L. 631, a married woman could not convey her real estate to her husband without his joining in the conveyance. The mere acceptance of such a conveyance by the husband was insufficient. The requirement of the statute was imperative and, in the absence of compliance thereto, the wife's conveyance was void. See Wicker *v.* Durr, 225 Pa. 305.

### Conclusion.

The deed of Francesco Comito to Maria Grazia Comito, dated April 6, 1915, purporting and attempting the conveyance of an undivided one-half interest in real estate held by them as tenants by entireties, was ineffective to vest any higher or different estate in the said Maria Grazia Comito than what she already possessed as a tenant by entireties. This results from the inability of one tenant by entireties to convey to the other, both constituting one person in the sight of the law; from the inability of tenants by entireties to hold in any other way or by any other estate than *per tout;* from the indivisibility of their estate; and from the inability of the husband to convey, even to the

306

wife, without the wife joining as grantor in the conveyance, where the premises to be conveyed are held by them in entireties.

Having reached the foregoing conclusion on the first question raised under these pleadings, consideration of the second question becomes unnecessary.

And now, July 6, 1929, the petition and citation are dismissed.

From Charles K. Derr, Reading, Pa.