## Williams et al., Appellants, v. Fowler.

*Equity—Jurisdiction—Ejectment bill.*

· Where a bill in equity for an injunction to restrain operations upon land leased for oil purposes, shows on its face that the plaintiffs were not in possession, and that the defendants were in possession under an alleged lease prior in date to that of the plaintiffs, the bill is an ejectment bill, and equity has no jurisdiction of it. The fact that an injunction and account are prayed for in the bill, is immaterial, inasmuch as they are incidental to and depend upon the determination of the disputed title.

In such a case where the lack of jurisdiction is manifest, the defendant may object at any time, and if he does not do so at the beginning, he may do so at the end of the proceeding.

· Argued Nov. 4, 1901. Appeal, No. 121, Oct. T., 1901, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., Jan. T., 1901, No. 652, dismissing bill in equity in case of C. M. Williams, H. J. Verner, J. M. Gruver, C. Ferguson, A. K. Stoughton and B. F. Shamburg, v. Charles T. Fowler, C. P. Caughey, Joseph Summerville and Dr. J. S. Walters. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction and for an account.

The bill alleged :

1. Henry A. Allman on October 30, 1901, leased to plaintiffs for one year, and as long thereafter as oil or gas was found, fifty-

eight acres of land in Marshall township, Allegheny county, with the exclusive right to plaintiffs to mine for oil and gas.

2. Said lease became null and void, unless plaintiffs completed a well on the premises within sixty days from the date of the lease, in pursuance of which they were ready to enter upon the premises, when they discovered defendants wrongfully upon the premises engaged in the work of drilling an oil well thereon.

3. On November 14, 1900, plaintiffs notified defendants in writing, to remove from said premises the machinery, tools and other property placed thereon by them, informing defendants of plaintiffs' title to said premises, but that defendants refused to comply with said notice and continued in possession of, and operation on, said premises.

4. That the plaintiffs not wishing to commit a breach of the peace by a forcible entry on said premises, being prevented from peacefully entering thereon by the act of the defendants, were unable to complete a well within sixty days, as their lease required, in lieu of which they paid the owners, their lessor, the sum of $250, which secured to them the said lease absolutely.

5. That defendants wrongfully and illegally against plaintiffs' ownership and notice were continuing the drilling of said oil well on the plaintiffs' land to their irreparable loss, injury and damage.

6. That defendants pretend to have a right in said land under a prior lease from George Allman, the grantor of Edward H. Allman, dated July 23, 1900, but that said lease to defendants had become null and void, for failure on part of defendants to comply with the terms thereof, to wit: to either have begun a well within three months from the date thereof, or completed a well within three months thereafter, or pay the sum of $696 per annum, payable quarterly in advance, until said well was completed, and that by reason of said default the lease to defendants had been declared forfeited, and they were notified of said forfeiture, after which the lease had been made to the plaintiffs.

7. That no adequate remedy at law is open to plaintiffs, and that they need equitable relief.

The prayers are:

1. For a preliminary injunction to be made perpetual on final

hearing, enjoining and restraining the defendants, from further operation on said land.

2. That defendants be required to remove the machinery, rigs, tools, and other property placed on plaintiffs' land.

3. That defendants be required to account and pay for all oil or gas, or either, mined on said land, and to pay damages to the plaintiffs.

The answer denied that the plaintiffs were the legal lessees of the land, and averred that the defendants' entry was in accordance with their rights under their lease.

After the court had filed its findings of fact and conclusions of law, and after argument had been had upon the exceptions to such findings and conclusions, an exception was filed to the jurisdiction of the court. The court entered a decree dismissing the bill for want of jurisdiction.

*Error assigned* was decree dismissing the bill.

*J. J. Miller* and *J. McF. Carpenter*, for appellants.—This exception was filed too late. This court has repeatedly held, that in doubtful cases, it is too late after answer filed and hearing on the merits to raise the question : Sunbury, etc., R. R. Co. v. Cooper, 33 Pa. 280 ; Evans v. Goodwin, 132 Pa. 136 ; Edgett v. Douglass, 144 Pa. 95 ; Shillito v. Shillito, 160 Pa. 167 ; Fidelity Title & Trust Co. v. Weitzel, 152 Pa. 498 ; Drake et al. v. Lacoe et al., 157 Pa. 17 ; Adams's App., 113 Pa. 449–455 ; Williams v. Wesleyan Methodist Church, 193 Pa. 120 ; Niles v. Williams, 24 Conn. 284 ; Nicholson v. Pim, 5 Ohio, 32.

The court erred in sustaining the exceptions as to the jurisdiction of the court and in directing that the bill should be dismissed: Adams's Appeal, 113 Pa. 449 ; Drake v. Lacoe, 157 Pa. 39 ; Carnegie Nat. Gas Co. v. Phila. Co., 158 Pa. 318 ; Westmoreland, etc., Nat. Gas Co. v. DeWitt, 130 Pa. 235 ; Duffield v. Hue, 136 Pa. 602 ; Bettman v. Harness, 42 W. Va. 433 ; 26 S. E. Rep. 271 : Penna. Lead Co.'s App., 96 Pa. 116 ; Funk v. Haldeman, 53 Pa. 229 ; Union Petroleum Co. v. Bliven Petroleum Co., 72 Pa. 173 ; Stone v. Marshall Oil Co., 188 Pa. 602 ; Snyder v. Brown, 197 Pa. 450.

*Willis F. McCook*, with him *W. H. S. Thomson, Frank Thomson, John G. MacConnell, Thomas Patterson, James R. Sterrett*

and *M. W. Acheson, Jr.*, for appellees.—Injunction cannot be substituted for ejectment in such a case as this : Leininger's Appeal, 106 Pa. 398 ; Washburn's Appeal, 105 Pa. 480 ; Richard's Appeal, 100 Pa. 51 ; Long's Appeal, 92 Pa. 171 ; North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488 ; Titusville Novelty Iron Works' App., 77 Pa. 103.

OPINION BY MR. JUSTICE BROWN, January 6, 1902 :

This was manifestly an ejectment bill.   Its averments were, that the plaintiffs were entitled to the exclusive possession of the premises in controversy for the purpose of obtaining oil and gas, under a lease dated October 30, 1900 ; that as the legal lessees of the land, they were ready to enter upon it, for the purpose of exercising their rights under their lease, when they discovered that the defendants were in possession and were about to begin the drilling of a well ; that they notified the defendants to remove from the premises ; that the defendants pretended to have a right to occupy them under a lease of an earlier date from the owners ; and the prayers were for injunction, accounting and that the defendants be required to forthwith remove from the premises all machinery, rigs, tools and other property placed there, and that they be restrained from any operations upon the land or in any way interfering with the plaintiffs' right therein.   From the face of the bill, it thus appears that the plaintiffs were not only not in possession of the land, but that the defendants were occupying it under an earlier lease ; and it ought to have not only been doubtful to the learned judge below, as he intimates it was in the very beginning, but most clear, from an inspection of the complaint, that equity had no jurisdiction.   The answer denied in express terms that the plaintiffs, or any of them, were the legal lessees of the land, and averred that the defendants' entry upon the premises was in accordance with their rights under their lease.   The court, having first held that it had jurisdiction, properly corrected this error by ultimately deciding that the case was controlled by Thomas v. Hukill, 131 Pa. 298, and dismissed the bill.

The plaintiffs were asking the court below to determine the title to the leased premises in their favor and practically to put them in possession.   Ejectment is the remedy in such a case. Though injunction and account were prayed for, they were but

incidental to and depended upon the determination of the disputed title, and the time had not come for the intervention of a chancellor.   Disputed legal titles had not been settled at law, and it was too soon for equity to hear complaints of continuing trespasses and irreparable wrongs : Long's Appeal, 92 Pa. 171; Washburn's Appeal, 105 Pa. 480.    Greensboro Natural Gas Co. v. Fayette County Gas Co., 200 Pa. 388, instead of supporting the contention of the appellants that their bill ought not to have been dismissed, is in harmony with what we have just stated.    In that case we reinstated the bill, because it was not for the recovery of possession of land, or to settle title ; the complainant was in actual possession of the premises under a lease not denied by the respondent ; the legal rights of the complainant, as averred in the bill and not denied in the answer, were clear ; the issue raised was one of continuing trespass upon them, resulting in the injuries alleged to be irreparable, and it did not appear that there were any rights to be first determined at law.

It is urged that the court erred in dismissing the bill for want of jurisdiction, because the objection was not made in time. The question does not seem to have been specifically raised in the answer, and the case was heard upon its merits ; but it was clear from the time the bill was filed that equity had no jurisdiction, and the rule as to doubtful cases has no application. It is immaterial whether, as is alleged by counsel for appellees, the question of jurisdiction was before the court at the different stages of the proceedings ; for in a case as clear as this, a defendant can raise it at any time, and if these defendants did not object in the beginning, it was their right to do so at the end ; Adams's Appeal, 113 Pa. 449 ; Evans v. Goodwin, 132 Pa. 136 ; Edgett v. Douglass, 144 Pa. 95 ; Shillito v. Shillito, 160 Pa. 167.

Decree affirmed and appeal dismissed at the cost of the appellants.