## Broadhurst, Appellant, *v.* Broadhurst.

*Decedents' estates—Partition—Rents, issues and profits—Courts —Jurisdiction, Common Pleas—Jurisdiction, Orphans' Court.*

Where land of a decedent which descended to two tenants in common has been sold in partition proceedings in the Orphans' Court under the Act of June 24, 1895, P. L. 237, the Common Pleas Courts have no jurisdiction to entertain a bill in equity brought by one of such tenants in common, who was not in possession, to compel an accounting by the other tenant in common for rents, issues and profits received by him prior to the sale; such matters are incidental to the partition proceedings and can be determined in the Orphans' Court.

Argued Feb. 8, 1915.   Appeal, No. 178, Jan. T., 1914, by plaintiff, from decree of C. P. Bucks Co., Jan. T., 1913, No. 4, dismissing bill in equity for an accounting, in case of Joseph J. Broadhurst v. Horace G. Broadhurst.   Before BROWN, C. J., POTTER, ELKIN, STEWART and FRAZER, JJ.   Affirmed.

Bill in equity for an accounting.   Before RYAN, P. J. The opinion of the Supreme Court states the facts. The court dismissed the bill.   Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Howard I. James,* for appellant.

*Wm. Stuckert,* with him *Hugh B. Eastburn, Jr.,* for appellee.

OPINION BY MR. JUSTICE ELKIN, March 29, 1915:

This bill was filed by a tenant in common, not in possession, against his cotenant in possession, to compel an accounting by the latter for rents, issues and profits received by him during the period in question, and to ascertain the rental value of the real estate occupied by appellee to the end that he be charged with the same in the accounting. The real estate involved in the controversy descended from their father under the intestate laws and the parties took title as tenants in common. Prior to the filing of the present bill in the Common Pleas, appellant instituted a proceeding in the Orphans' Court of the same county praying for a partition of the same lands. The parties having refused to accept at the valuation, a trustee was appointed to make sale, and the lands were accordingly sold under the order of the Orphans' Court. Title passed to the purchaser and the proceeds of the sale are ready for distribution in the forum selected by appellant to make partition of the lands out of which the present controversy arose. If, therefore, the Orphans' Court had jurisdiction of the subject matter, the party who instituted the proceeding should not be permitted to select another tribunal to hear and determine matters which are mere incidents growing out of the partition of the lands in a court of competent jurisdiction. Did the Orphans' Court have jurisdiction of the matters here in dispute? If it had appellant has no case. The learned court below held that the Orphans' Court had jurisdiction and upon this ground dismissed the present bill. After full consideration this court is of opinion that the Orphans' Court had jurisdiction and that the bill was properly dismissed. Our conclusion, like that of the court below, is based upon the Act of June 24, 1895, P. L. 237. This act provides, that:

"In all cases in which any real estate is now or shall be hereafter held by two or more persons as tenants in common, and one or more of said tenants shall have

been or shall hereafter be in possession of said real estate, it shall be lawful for any one or more of said tenants in common, not in possession, to sue for and recover from such tenants in possession his or their proportionate part of the rental value of said real estate for the time such real estate shall have been in possession as aforesaid; and in case of partition of such real estate held in common as aforesaid, the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their cotenant or tenants are entitled."

Prior to this act, there could be no recovery by one tenant in common out of possession from his cotenant in possession, of a proportionate share of the rents or rental value of the property, without proof of an agreement to pay the same: Enterprise Oil & Gas Co. v. National Transit Co., 172 Pa. 421. The Act of 1895 was evidently intended to supply this deficiency in the law, and it clearly contemplates that where real estate is held by tenants in common, the tenant in possession shall have deducted from his distributive share in a proceeding in partition the proportion of the rents or rental value to which his cotenant may be entitled: Lancaster v. Flowers, 208 Pa. 199. The learned counsel for appellant concedes that under the case just cited, and others which have followed the practice therein indicated, a tenant not in possession can compel a cotenant in possession to account for rents and rental value of real estate when the proceeding for partition is instituted in the Common Pleas, but denies that this can be done when the Orphans' Court has been selected as the tribunal to make the partition. No authority is cited to sustain the distinction attempted to be made; the Act of June 24, 1895, P. L. 237, makes no such distinction, nor does the language used in the statute indicate any such intention. It is true that the act does give a tenant not in possession the right to sue the tenant in possession and recover his proportionate share

of the rental value of the real estate, in an action in the Common Pleas, but the operation of the statute is not limited to the right to bring suit to recover rental value; on the contrary, it is expressly provided therein that in the case of partition of real estate, "the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their cotenant or tenants are entitled." This provision of the act is separate and apart from that which gives the right to bring suit and recover. In a proper case the tenant out of possession may bring suit, but in a partition proceeding the same purpose is accomplished by having his proportionate share of the rents or rental value deducted from the distributive share of the tenant in possession. This avoids a multiplicity of suits which is always favored as a wise and wholesome policy of the law. The words "distributive share" are peculiarly appropriate to a proceeding in the Orphans' Court, and are indicative of a legislative intention to make them applicable "in a case of partition" commenced therein. It is not denied that the Orphans' Court had jurisdiction to make partition of the real estate, and now that there is a fund for distribution appellant can present his claim for rents and rental value and his rights whatever they may be will be determined by a court having jurisdiction of the subject matter. If his claim is allowed either in whole or part, the court will order that it be deducted from the distributive share of the appellee and thus his rights will be protected as fully as if he were permitted to pursue another remedy in a different court.

It would seem to be in the interest of all concerned to have the matters in dispute adjudicated in one proceeding upon their merits, rather than to insist upon technical distinctions as to pleadings and procedure to such an extent as to multiply actions or proceedings involving the same subject matter. The Orphans' Court has jurisdiction of the general subject matter here in-

volved and the question of rental value is but an incident of the power to make distribution of the proceeds arising from the sale of the partitioned estate.

Decree affirmed at the cost of appellant.