## Mertz v. Mertz, Appellant.

Argued December 19, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Cornelius C. O'Brien,* of *Byron, Longbottom, Pape & O'Brien,* with him *William Taylor, Jr.,* for appellant.

*Clement J. McGovern,* with him *Wm. J. MacCarter, Jr.,* for appellee.

OPINION BY RHODES, J., March 2, 1940:

On May 6, 1921, plaintiff and defendant purchased a certain property in Delaware County, and took title thereto as tenants by entireties. Defendant obtained a decree of absolute divorce from plaintiff (wife) on December 6, 1932, which was afterwards affirmed on October 2, 1935, by this court (*Mertz v. Mertz,* 119 Pa. Superior Ct. 538, 180 A. 708). Since February 17, 1928, defendant has continued to occupy the said premises which have been in his exclusive possession.

Plaintiff filed a bill in equity on May 7, 1937, which was in the nature of a bill in equity for the partition of real estate; and the prayers were: (1) The public or private sale of the real estate owned by plaintiff and defendant as tenants by entireties, and described in the bill, and the division of the proceeds between the parties; (2) an accounting of the rents and profits accruing by reason of the occupancy and possession of the premises by defendant; (3) defendant pay plaintiff each month one-half of the fair rental value of the premises until the sale of the same; (4) defendant pay the costs of the proceedings; (5) such further equitable relief as the circumstances warrant.

Defendant, on June 4, 1937, filed an answer raising as preliminary objections to the bill (1) that title to the premises sought to be sold was vested in plaintiff and defendant as tenants by entireties by deed dated May 6, 1921, and that consequently defendant's estate could not be divested or stripped of any of its incidents except by express statutory provision existing at the time of its inception; (2) that plaintiff was not entitled to the relief prayed for in her bill; (3) that the court was without jurisdiction to grant the relief prayed for by plaintiff.

The preliminary objections were overruled by the court, and defendant was directed to file an answer to the bill within fifteen days, etc. An answer was then

filed by defendant and a hearing was held. In due course the court entered a decree directing defendant to pay plaintiff the sum of $79.88, one-half of the fair rental value of said premises, from April 30, 1937, to December 21, 1937. (This sum was reduced to $44.36 by the court in a supplemental decree.) The court in its decree further ordered and directed that defendant within thirty days of the date of the decree account to plaintiff, her agent or attorney, for all rents and profits accruing by reason of his occupancy and possession of said premises in the minimum amount of $20 per month, together with one-half of any amounts in excess of $40 per month received as rents and profits, and to thereafter render such accounting as aforesaid in writing, at intervals of not more than six months, during the continuance of the tenancy by entirety. The court also directed that defendant should not thereafter at any time make any repairs to the premises or incur any expenses thereon without the written approval of the plaintiff; that any repairs made or expenses incurred without such approval by plaintiff would not be deductible in any accounting made by defendant to plaintiff; that defendant thereafter pay over to plaintiff, her agent or attorney, within thirty days from the date of the decree for the period beginning January 1, 1938, and ending July 1, 1938, and thereafter at intervals of not more than six months, one-half of the fair rental value of the said premises; and that defendant pay the costs of the proceedings. The court sustained some minor exceptions and dismissed the others and entered a final decree.

Defendant has appealed.

Simultaneously with the filing of the bill in equity plaintiff had issued a summons in assumpsit, accompanied by a statement of claim, against defendant to recover one-half of the fair rental value of the premises to that time.

It is true that plaintiff and defendant as tenants by entireties became, after the granting of the divorce, for all practical purposes between themselves, tenants in common so far as the rents or the rental value of the real estate are concerned. *O'Malley v. O'Malley*, 272 Pa. 528, 535, 116 A. 500; *Cornelius v. Cornelius*, 104 Pa. Superior Ct. 455, 160 A. 150. And it is not disputed that plaintiff is entitled to sue for and recover her proportionate share of the rental value of the property held by entireties and occupied exclusively by defendant "for the time such real estate shall have been in possession as aforesaid." Act of June 24, 1895, P. L. 237, §1, 68 PS §101. Plaintiff's rights as a tenant by the entirety out of possession after a divorce to recover from defendant, who has been in exclusive possession, her proportionate share of the rental value of the real estate held as tenants by entireties are by virtue only of the Act of 1895, supra, which changed the common law rule that there could be no recovery by one tenant in common out of possession from his cotenant in possession of a share of the rental value of the property without proof of an agreement to pay the same. *Hoog et al. v. Diehl*, 134 Pa. Superior Ct. 14, 18, 3 A. 2d 187.

On the other hand, plaintiff could not compel the partition of the real estate acquired by herself and defendant as tenants by entireties prior to the Act of May 10, 1927, P. L. 884, §1, 23 PS §94. Real estate held by tenants by entireties prior to that act is not a subject of partition although the parties are subsequently divorced. See *Alles v. Lyon*, 216 Pa. 604, 66 A. 81. In *Stuckey v. Keefe's Ex'rs*, 26 Pa. 397 (1856), at pages 400, 401, Chief Justice LEWIS said: "Tenants in common may sell their respective shares. They are compellable to make partition. They are liable to reciprocal actions of waste and of account; and, if one turns the other out of possession, an action of ejectment will lie against him. These incidents cannot exist in an estate

held by husband and wife. No action of partition, or waste, or account, or ejectment, can be maintained by one against the other." Plaintiff's bill in equity had for its purpose the partition of the real estate held by plaintiff and defendant as tenants by entireties since May 6, 1921. Clearly equity had no jurisdiction of the subject matter. It was not within the province of the court below sitting in equity to entertain the bill for partition. If there could have been partition of the real estate defendant, who was in possession, would have had deducted from his distributive share the rental value thereof to which plaintiff was entitled. Act of June 24, 1895, P. L. 237, §1, 68 PS §101. As there could be no partition, the other matters prayed for in the bill were not for the consideration of the court, as they were incidental to and dependent upon partition proceedings. See *Williams et al. v. Fowler*, 201 Pa. 336, 50 A. 969; Act of 1895, supra.

The court below to sustain its position cites *O'Malley v. O'Malley*, supra, *Cornelius v. Cornelius*, supra, and *Stevens v. Stevens*, 22 D. & C. 696. The O'Malley and Cornelius cases were actions in assumpsit, while in the Stevens case, where the parties were separated but not divorced, it was held, inter alia, that defendant was not accountable in equity to plaintiff for the fair rental value of the property held by them as tenants by entireties which was in defendant's exclusive possession.

In referring to the Act of June 24, 1895, P. L. 237, §1, 68 PS §101, it was said in *Broadhurst v. Broadhurst*, 248 Pa. 594, at pages 596, 597, 94 A. 237, at page 238: "It is true that the act does give a tenant not in possession the right to sue the tenant in possession and recover his proportionate share of the rental value of the real estate, in an action in the common pleas, but the operation of the statute is not limited to the right to bring suit to recover rental value; on the contrary, it is expressly provided therein that in the case of partition

of real estate, 'the parties in possession shall have deducted from their distributive shares of said real estate the rental value thereof to which their cotenant or tenants are entitled.' This provision of the act is separate and apart from that which gives the right to bring suit and recover. In a proper case the tenant out of possession may bring suit, but in a partition proceeding the same purpose is accomplished by having his proportionate share of the rents or rental value deducted from the distributive share of the tenant in possession."

The preliminary objections to plaintiff's bill should have been sustained and the bill dismissed for want of jurisdiction of the subject matter. See *Harrison v. Harrison et al.*, 107 Pa. Superior Ct. 161, 163 A. 62; *Kurtz et al. v. Enterprise Telephone Co.*, 111 Pa. Superior Ct. 546, 170 A. 337.

Defendant must not be unmindful that there are limitations to his dealing with the property which is vested not alone in him, but in him and plaintiff as tenants by entireties. He cannot ignore the rights of plaintiff, and act capriciously in connection with the property which they so hold. His conduct in connection therewith must be fair and proper. He may act for both in the preservation of the estate, but this does not include the power of the one in possession to deal with it to the prejudice of the other. See *Sielecki et al. v. Sielecki et al.*, 107 Pa. Superior Ct. 291, 294, 163 A. 375.

The decree of the court below is reversed, and the record is remitted to the court below with directions to dismiss the bill for want of jurisdiction. The costs are to be divided between plaintiff and defendant.