## Cooper, Guardian, v. Niemeyer

*Harry Polish*, for plaintiff.
*I. Louis Rubin*, for defendant.

LEVINTHAL, J., May 10, 1944.—This matter is before us on preliminary objections to plaintiff's bill in equity.

The bill alleges that on June 4, 1926, William Niemeyer and defendant, then his wife, acquired title as tenants by entireties to premises 305 Champlost Street, Philadelphia; that the said parties were divorced on October 2, 1941, and that thereafter defendant collected and retained all the rents issuing from the said premises. The bill prays that a trustee be appointed to sell the said premises and divide the proceeds between the said parties in conformity with the provisions of the Act of May 13, 1925, P. L. 649, and the Act of May 10, 1927, P. L. 884, 68 PS §501, and also that defendant account for the rents collected by her since the divorce. William B. Niemeyer has been judicially declared to be a weak-minded person and plaintiff is the duly-constituted guardian of his estate, and has brought this action on behalf of his ward by leave of the court which appointed him as such guardian.

The preliminary objections filed by defendant challenge the power and jurisdiction of the court to grant the relief prayed for. Defendant's arguments may be summarized briefly as follows:

1. No power to grant such relief was vested in the courts at common law.

2. The only Pennsylvania statutes which purport to confer jurisdiction on the courts to appoint a trustee to sell real estate held by entireties after a divorce decree are the Act of May 13, 1925, P. L. 649, and the Act of May 10, 1927, P. L. 884.

3. No relief can be granted to plaintiff under the Act of 1925 because that statute has been declared unconstitutional, and, furthermore, it has been expressly repealed by section 5 of the Act of 1927.

4. No relief can be granted to plaintiff under the Act of 1927 because that act by its terms authorizes a sale of real estate held by the entireties only where the real estate was acquired after the enactment of that act, and the tenancy by entireties here involved was created on June 4, 1926.

It is undoubtedly true that at common law where a husband and wife held real estate as tenants by entireties, and they were subsequently divorced, the severance of the marital relation did not change the tenancy by entireties into a tenancy in common: Alles v. Lyon, 216 Pa. 604 (1907). Therefore, at common law, despite the divorce, the courts were powerless to decree a public sale of the premises held by entireties and to order a division of the proceeds: Ebersole v. Goodman, 7 D. & C. 605 (1925). In the case of Alles v. Lyon, supra, Chief Justice Mitchell said, at p. 608:

"In the present case, therefore, the parties took an estate by entireties at the time of the grant. By it the husband took a vested estate to which was incident a right of survivorship. That estate could not be divested, or stripped of any of its incidents except by express statutory provision existing at the time of its inception. The divorce severed the unity of person for the future but it could not avail retrospectively to sever the vested unity of title and possession."

It is also clear that we have no right to decree a sale of the real estate in this case under the provisions of section 1 of the Act of 1927. This section provides as follows:

"Be it enacted, &c., That whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, either of such tenants by entireties may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them."

It will be observed that under this language authority to decree a sale of property held by entireties after a divorce is conferred only with respect to property acquired after the enactment of the statute: Mertz v. Mertz, 139 Pa. Superior Ct. 299 (1940).

The question remains, however: Is plaintiff entitled to relief by virtue of the provisions of the Act of 1925? This statute provides:

". . . whenever any husband and wife now or hereafter holding property as tenants by entireties have been divorced either of such tenants by entireties may bring suit in the court of common pleas sitting in equity of the county where the property is situate against the other to have the property sold and the proceeds divided between them. . . ."

In Ebersole v. Goodman, supra, it was held that this statute was unconstitutional insofar as it purported to authorize the sale of real estate held by divorced tenants by entireties, when title to the property was acquired by the parties prior to the enactment of the Act of 1925. The basis of this holding was that at the time the parties acquired title to the property as tenants by entireties each of them took a vested estate in which there was incident the right of survivorship. That estate could not be divested or stripped of any of its incidents except by express statutory provisions existing at the time of its inception. The Act of 1925, it was held, insofar as it purported to apply to titles acquired prior to the enactment of that act, "annihilates that incident [right of survivorship] and therefore impairs

a vested property right and hence violates the due process clauses of the Federal and State Constitutions."

In Clements v. Kandler, 9 D. & C. 310 (1927), it was held that the provisions of the act as to a husband and wife "now or hereafter holding property" were severable, and that, notwithstanding the fact that the Act of 1925 was unconstitutional insofar as it undertook to affect estates vested at the time of the passage of the act, it was entirely valid as to estates which vested after its passage. We concur in that conclusion.

In Mertz v. Mertz, supra, the Superior Court dismissed a bill in equity praying for the same relief as that prayed for in this case. But that case differs from the instant one in the important particular that in the Mertz case it appeared that title to the property involved was acquired by the parties prior to the enactment of the Act of 1925, while in this case the title to the property was acquired on June 4, 1926, after the enactment of the said statute.

The fundamental question upon which the decision in this case must rest, therefore, resolves itself to this: As applied to titles acquired after the enactment of the Act of 1925, and before the Act of 1927 became operative, is the Act of 1925 still in force?

Defendant contends that this question should be answered in the negative because of the following provision of section 5 of the Act of 1927:

"The act, approved the thirteenth of May, one thousand nine hundred and twenty-five (Pamphlet Laws, six hundred and forty-nine, number three hundred and fifty) . . . is hereby repealed, saving proceedings instituted under its provisions."

Defendant's contention is not sound. As applied to cases like the present, where title was acquired after the enactment of the Act of 1925 and before the passage of the Act of 1927, the Act of 1925 must be regarded as still operative for the following reasons:

1. The phrase in section 5 of the Act of 1927, repealing the Act of 1925 "saving proceedings instituted under its provisions", must be construed as indicating a legislative intent that the Act of 1925 was not repealed so as to bar proceedings brought under that act, where, as here, the title was acquired after the Act of 1925 became operative and before the passage of the Act of 1927. In this connection, it should be noted that the language of the saving clause is broad. What is saved is described simply as "proceedings instituted under its provisions" (the Act of 1925). The legislature has omitted to insert the word "pending" before the word "proceedings", and it has also failed to insert the word "heretofore" between the words "proceedings" and "instituted", as would have been appropriate if it meant to limit the operation of this clause to actions instituted and pending in the courts at the time of the enactment of the Act of 1927.

Furthermore, there is not present in this case any element of public policy whatsoever which would warrant the inference that the legislature intended to alter any of the rights of tenants by the entireties who acquired their titles after the enactment of the Act of 1925. The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552, provides, inter alia:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution, or unreasonable . . ."

Even apart from this act, it is a "settled rule of construction" in this State "that the legislature will be presumed to have intended what is reasonable and effectual and not what is productive of absurd or anomalous consequences . . ." See Foster's Petition,

243 Pa. 92 (1914) ; Driskel et al. v. O'Connor et al., 339 Pa. 556 (1940).

To construe the Act of 1927 as repealing the Act of 1925 under the circumstances of this case would produce the anomalous result of a legislative declaration that it was the public policy of the State to permit the forced sale of properties held by entireties after a divorce decree, where the title was procured subsequent to the enactment of the Act of 1927, and at the same time that public policy required that no such sale be permitted where title was acquired after the enactment of the Act of 1925 and before the passage of the Act of 1927. We do not believe that the legislature intended any such result.

2. The Statutory Construction Act of May 28, 1937, P. L. 1019, art. VI, sec. 82, 46 PS §582, also provides as follows:

"Whenever a law is repealed and its provisions are at the same time re-enacted in the same or substantially the same terms by the repealing law, the earlier law shall be construed as continued in active operation. All rights and liabilities incurred under such earlier law are preserved and may be enforced."

The foregoing rule of statutory construction was recognized and applied in Pennsylvania even before the enactment of the Act of 1937. See Haspel v. O'Brien, 218 Pa. 146 (1907), and Erie v. Piece of Land, 339 Pa. 321 (1940).

A comparison of the provisions of the said Act of 1925 and the said Act of 1927 clearly shows that the latter act is a substantial reënactment of the former. Hence, as applied to titles such as the one here involved, acquired after the enactment of the Act of 1925 and before the passage of the Act of 1927, the former act must be regarded as still in full force and effect

The preliminary objections are therefore dismissed, with leave to defendant to file her answer to the merits within 15 days.