## Eastern Acceptance Corporation v. Gold et vir

*Wexler & Weisman,* for plaintiff.

*R. H. Arronson* and *M. H. Weissman,* for defendants.

FENERTY, J., June 27, 1947.—This matter comes before us on preliminary objections to the bill. In the bill plaintiff averred that defendants, husband and wife, on March 18, 1942, acquired title as tenants by the entireties to premises 1933 North Myrtlewood Street, Philadelphia, Pa.; that on September 3, 1946, by decree of Court of Common Pleas No. 2 of Philadelphia County as of June term, 1946, no. 79, they were divorced a. v. m.; that on January 20, 1947, plaintiff obtained a judgment against Robert Gold, one of defendants, in the Court of Common Pleas No. 1 of Philadelphia County as of December term, 1946, no. 2971; that on April 1, 1947, plaintiff lodged with the

Recorder of Deeds of Philadelphia County a certified copy of the decree of divorce mentioned above, with instructions to index it in the grantors' index against each defendant. It prayed that a trustee be appointed, under the provisions of the Act of May 10, 1927, P. L. 884, to make public sale of the property and distribute the proceeds in accordance therewith.

The preliminary objections filed by defendants challenge our right to enter such a decree.

By the deed of March 18, 1942, defendants took a vested estate by the entireties "to which was incident a right of survivorship. That estate could not be divested, or stripped of any of its incidents except by express statutory provision existing at the time of its inception": Alles v. Lyon, 216 Pa. 604, 608. The character of the estate was not affected by the Act of May 13, 1925, P. L. 649, authorizing the sale of the property after a divorce had been granted: Gasner v. Pierce et al., 286 Pa. 529, 532. Prior to the Act of 1925, supra, and the Act of May 10, 1927, P. L. 884, neither party could have compelled the partition of the property: Mertz v. Mertz, 139 Pa. Superior Ct. 299, 302. As long as the estate persists, the proceeds of any sale, whether by the parties themselves (Bramberry's Estate, 156 Pa. 628, 632), or upon execution process (Bender et ux. v. Killey et ux., 55 D. & C. 700), constitute an estate by the entireties. There is a different method of distribution where the sale is effected by the Act of May 10, 1927, P. L. 884, which is the subject in dispute in the case at bar. The income from the estate is not one of the "actual incidents of the estate" but merely one of the "results which flow therefrom", and, so far as the rents of the real estate are concerned, the parties become tenants in common after divorce: O'Malley v. O'Malley, 272 Pa. 528, 532; Stimson v. Stimson, 346 Pa. 68, 73. As long as the title is held by entireties it is not an asset available to creditors. They cannot attach it or either party's interest in it. It may

be conveyed by the parties so as to be forever beyond the creditor's reach. Neither party is under a legal duty to see that his or her interest is preserved for the benefit of his or her individual creditors: Lunnen v. Hunter et al., 348 Pa. 402, 405. See also Murphy et al. v. C. I. T. Corporation, 347 Pa. 591, 595.

With this statement of principles, we approach the facts of the present case. The property, undoubtedly, is subject to the provisions of the Act of May 10, 1927, P. L. 884. It is clear from the wording of the act that it was not the intention of the legislature to convert an estate in the entireties into one in common upon the divorce of the parties. There is no compulsion upon either party to seek partition and neither one may be coerced into such action by a creditor: Fleming's Estate, 217 Pa. 610. They may, if they so elect, continue to hold as tenants by the entireties: Standen v. Business Men's Building and Loan Association, 9 D. & C. 436. The act of assembly merely provides that if one of the tenants elect to partition the property, a lien creditor of one of the tenants, if he has complied with the provisions of the act, may have his claim satisfied out of the share of his debtor. The common law is modified to the extent that the parties may have the property sold, share the proceeds, instead of having the proceeds continue as an estate by the entireties, and permit creditors of the separate tenants to share in the fund alloted to the individual debtors; none of which would be possible at common law.

Plaintiff contends that the language of section 3 of the act, to wit: "In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by the entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property, and, to accomplish the provisions of this Act, the common-law rule relat-

ing to entireties is hereby modified," immediately upon the granting of a divorce, vests in each party an undivided one-half interest in the property itself. But if this construction be correct the parties would no longer hold per tout but would hold per my, thus in effect, abolishing the estate, upon the granting of a divorce, and creating a tenancy in common. If this had been the intention of the legislature, it could have been expressed in simple language. The act does not say, expressly, that each shall be entitled to an undivided one-half interest in the property. It states that the interest shall be one half the *value* of the property. We think this refers to the words "value of the property" used in section 1 of the act and means one half of the proceeds of the sale if either of the tenants avail himself or herself of the provisions of the act. The avowed purpose of the act is to give either of the tenants by entireties the privilege of having the property sold and the proceeds equitably divided, subject to the claims of individual and joint creditors. There is nothing in the title to give notice that, following a divorce, the parties are each to hold an undivided one-half interest in the property regardless of whether or not the property is sold in accordance with its provisions. Thus construed, we feel that the act is coherent, workable and free of incongruity.

Being of the opinion that plaintiff's right, under the act, is merely that of participation in the distribution of the proceeds of any sale occasioned by it; and that the bill cannot be amended to meet the defendants' objection, we enter the following

### Decree

And now, to wit, June 27, 1947, upon consideration, it is ordered, adjudged and decreed that the preliminary objections filed by defendants be sustained and the bill be dismissed.

Costs to be paid by plaintiff.