## Jarrett v. Garvin

*Timothy J. Reese,* for plaintiff.
*David F. Wedge,* for defendant.

MUELLER, *J.*, February 11, 1985—Plaintiff and defendant were husband and wife when they took title as tenants by the entireties to the real estate at issue in this partition action. Plaintiff and defendant were divorced on June 11, 1982, and their entireties ownership of this residential property converted to a tenancy in common at that time. Act of May 10, 1927, P.L. 884, 68 P.S. §501 et seq. (the Act of

1927). Both parties agree on this conversion to a tenancy in common, but disagreement arises because of the conflict between the provisions of the Act of 1927 and the Pennsylvania Rules of Civil Procedure relating to partition proceedings, namely Pa. R.C.P. 1551-1574, 42 Pa. C.S. Plaintiff's complaint seeks partition solely in accordance with the Act of 1927, and defendant has demurred. The court agrees with defendant.

The positions of the parties have been carefully set forth in their briefs. The court has read the well reasoned opinion of my colleague, Judge Ronald L. Buckwalter in the case of Patricia A. Myers v. Samuel F. Johnson, 69 Lanc. L.R. 288 (1984 — no. 1539 of 1984). The issue was the same since the parties disagreed as to the proper procedure to follow in a partition action of property purchased by plaintiff and defendant during their marriage which also ended in divorce. As in that case the court sustains the demurrer and will order that the partition action in this case shall proceed under Pa. R.C.P. 1551-1574. The court sees no need for an amendment to plaintiff's complaint under the circumstances in view of this directive.

The second and third issues raised by the preliminary objections relate to Paragraph 9 of the complaint. Plaintiff seeks in this equity action to partition the property "her proportionate share of the rental value of said real estate for such time as the property has been in the defendant's exclusive possession." As pleaded by plaintiff in Paragraph 8 of the complaint and as admitted by defendant's demurrer, defendant has been in exclusive possession of the property since the separation of the parties in July of 1978. Plaintiff is seeking her proportionate share of the rental value since she has been out of

possession. As a general rule, property held by husband and wife as tenants by the entireties is not subject to partition prior to divorce. Shoup v. Shoup, 469 Pa. 165, 364 A.2d 1319 (1976). There is an exception where one spouse appropriates the property to his or her own use so that the other is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties. This is achieved by the fiction of treating the appropriation as an offer to destroy the entireties estate, which is accepted when the other starts suit. Shapiro v. Shapiro, 424 Pa. 120, 224 A.2d 164 (1966). In this case plaintiff, who filed the divorce action, did not seek partition until after she had obtained a divorce by decree dated June 11, 1982. In addition, the complaint has no allegations that plaintiff was excluded by defendant from the martial residence. It would be pure speculation for the court to assume either that defendant excluded plaintiff from the property or that plaintiff walked out on defendant.

Defendant's motion to strike Paragraph 9 is granted. Plaintiff may recover from defendant her proportionate part of the rental value of the real estate from the date of the divorce pursuant to the Act of June 24, 1895, P.L. 237 §1, 68 P.S. §101 (the Act of 1895). The Act of 1927 upon the parties' divorce established the tenancy in common. The Act of 1895 changed the common law rule to permit recovery of a proportionate share of the rental value of the property after a divorce. Mertz v. Mertz, 139 Pa. Super. 299, 11 A.2d 514 (1939); Morehead v. Overton, 39 D. & C. 2d 595 (1965). The court is not willing to make the quantum jump sought by plaintiff that "the court need only concern itself with the onset of one tenant's exclusive possession in derogation of the other tenant's right to share in the whole." This real estate only became held by plaintiff and defend-

ant as tenants in common at the entry of the divorce decree by this court.

Defendant's last argument has no merit. Since the court agrees with defendant that this partition action shall proceed under Pa. R.C.P. 1551-1574, plaintiff's claim for her proportionate share of the rental value is ancillary relief. Pa. R.C.P. 1551 provides that the procedure in this type of action "shall be in accordance with the rules relating to the action in equity." This action can most satisfactorily resolve all competing claims.

## ORDER

And now, February 11, 1985, the court sustains defendant's preliminary objections in the form of a demurrer and motion to strike in part. The court orders and directs that the partition action shall proceed under Pa. Rules of Civil Procedure 1551-1574 and that plaintiff's claim in Paragraph 9 for a proportionate share of the rental value of said real estate which is in defendant's exclusive possession shall date from June 11, 1982.

Defendant shall have 20 days from the date of this order to file a responsive pleading.